NEW STATE LAND CO. et al. v. WILSON et al.

(Court of Civil Appeals of Texas. San Antonio. May 29, 1912. Rehearing Denied Oct. 16, 1912.)

1. VENDOR AND PURCHASER (§ 348*)—UNAUTHORIZED ACTS OF AGENT—LIABILITY.

Persons who undertook, as the authorized agents of the owner, to contract for a sale of land, and received the purchaser's payment, would be liable to the purchaser for such sum if they, in fact, had no authority to sell, so that they were properly joined as parties defendant in a suit against the owner, so as to permit recovery against them, in the event their acts were shown to be unauthorized.

[Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 1022; Dec. Dig. § 348.*]

2. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS—POWER TO PURCHASE LAND—NECESSITY OF ALLEGATION.

The petition in an action by a foreign corporation to enforce a contract for the purchase of lands need not allege that plaintiff had power, under its charter, to purchase lands in Texas, or to contract therefor.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2645–2649; Dec. Dig. § 672.*]

3. CORPORATIONS (§ 672*)—FOREIGN CORPORATIONS — ACTIONS — ALLEGING POWER TO PURCHASE LAND.

Unless the petition in an action by a foreign corporation involving a land contract made for it affirmatively shows that the transaction involved the doing of business in the state, the petition is not demurrable for failure to allege that the corporation had complied with the Texas statutes requiring a permit from the Secretary of State to do business, in order to maintain a suit in the state; and the mere fact that the petition alleged that the contract was headed, "San Antonio, Texas, May 6, 1909," and was signed by the corporation by its vice president, did not necessarily show that the contract was executed within the state, so as to require an allegation of compliance with the statutes for maintaining actions within the state.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2645–2649; Dec. Dig. § 672.*]

4. CORPORATIONS (§ 675*)—FOREIGN CORPORATIONS—COMPLIANCE WITH STATUTES.

Business transactions by a foreign corporation, which has not complied with the Texas statutes, so as to entitle it to do business within the state, are not void, but only unenforceable in the courts of the state, so that the proper judgment in an action predicated on such transaction is one of dismissal, leaving the corporation to resort to the courts of other jurisdictions.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. § 2653; Dec. Dig. § 675.*]

5. CORPORATIONS (§ 661*)—RIGHT TO SUE—RIGHT OF ASSIGNEE.

One who obtained from a foreign corporation, which had not complied with the Texas statutes for doing business within the state, so as to authorize it to sue, an assignment pendente lite of the cause of action sued on occupied no better position than the corporation, and could not maintain the action.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2536, 2539, 2542–2544, 2546, 2563, 2567; Dec. Dig. § 661.*]

Appeal from District Court, Bexar County; Claude V. Birkhead, Judge.

Action by the New State Land Company and others against B. F. Wilson and others. From a judgment for defendants, plaintiffs appeal. Reversed and remanded.

A. L. Matlock, Butler L. Knight, and Gordon Bullitt, all of San Antonio, for appellants. Denman, Franklin & McGown and McFarland, Lewright & Hadden, all of San Antonio, for appellees.

JAMES, C. J. The case was disposed of in the district court on certain special exceptions to plaintiffs' (appellants') third amended original petition, to wit, the exceptions 14, 15, and 15a urged by defendants Cora Ogden Wilson and B. F. Wilson, also the general demurrers urged by them, and also the special exceptions of the defendants R. H. Hunnam and F. C. Hunnam; plaintiffs having declined to further amend. The judgment was that plaintiffs take nothing.

The amended petition stated, in substance: That plaintiff New State Land Company was incorporated under the laws of the United States applicable to the Indian Territory, now the state of Oklahoma, in 1905, and that the other plaintiff, A. H. Scoggin, had heretofore intervened, by leave of court, as the assignee of said company, and complaining of defendant B. F. Wilson, a resident of Nashville, Tenn., Cora Ogden Wilson, a resident of Bexar county, Tex., H. L. Norris, a resident of Jones county, Tex., and F. C. Hunnam and Richard Hunnam, residents of Bexar county, Tex., and alleged that about April 26, 1909, said company began negotiations with said Wilsons, who were acting through said Hunnams, for the purchase of certain lands owned by said Wilsons, 30,345 acres in Terrell county, Tex., which led to a contract of purchase or sale of said lands being entered into between said company and said Wilsons, by the terms of which contract the consideration of $37,906.25 was to be paid them by said company, $1,000 in cash, which was paid, and the balance in periodical installments, with certain interest on the deferred payments, the sellers agreeing to furnish abstract showing marketable title, also tax statements, and good and sufficient warranty deed, and providing that, should the purchasers fail to comply with the contract, the sum of $1,000, above mentioned, should be forfeited as liquidated damages, the deal to be closed within 15 days from date (May 6, 1909), and warranty deed furnished. That plaintiff corporation, and since its assignment to plaintiff A. H. Scoggin, have at all times been ready, anxious, and able to comply with said contract, and have in fact done so—that is to say, the said corporation has paid the $1,000 and executed and delivered to defendants Wilson vendor's lien notes for the deferred payments,

according to the requirements of the contract—but that said Wilsons have failed and refused, and now refuse, to execute to either plaintiff the deed to said lands. That said Wilsons prepared and presented the vendor's lien notes, and at their special instance and request the same were signed and delivered to said Wilsons, through their agents, F. C. Hunnam & Co., who accepted and retained them, and same are now in their possession, or in the possession of their said agents. That, relying on said contract and on its being carried out by defendants, etc., the said New State Land Company has contracted to sell a large portion of said land, and was contracting to sell more of it, at $3.50 per acre, and would have sold the entire land at that price, and could and would have realized a profit thereon of $68,276.25; and that the reasonable market value of this land at the time defendants breached the contract and refused to convey same to plaintiff corporation was $3.50 per acre, whereby plaintiff corporation and Scoggin, its assignee, have been damaged in said sum, for which they sue in the alternative as hereinafter prayed for.

Plaintiffs alleged further: That the initial payment of $1,000 was paid to F. C. Hunnam & Co., as agents of defendants Wilson; and if it should be determined that they were not their authorized agents, or for any other reason were not entitled to receive said $1,000 for defendants Wilson, and should plaintiff fail to recover judgment for specific performance of said contract, or a judgment for said damages, as hereinafter prayed for, against the Wilsons, and then, but in that event only, they ask judgment against defendants Hunnam for said $1,000, with interest, etc. That on August 7, 1909, the plaintiff New State Land Company filed a lis pendens notice of this proceeding, which was duly recorded in Terrell county in volume 1, p. 6. That since filing this suit the New State Land Company sold, transferred, and assigned, for valuable consideration to it paid, all its right, title, and interest in and to the subject-matter of this suit, and all rights of action by it had against the said Wilsons under the said contract of sale and by reason of the breach thereof, to A. H. Scoggin, the intervener and plaintiff herein; wherefore said Scoggin represents that as such assignee he is damaged by the failure and continued failure of defendants to perform their said contract in the amount of $68,276.25, for which he asks judgment in the alternative, as hereinafter mentioned. That the defendant H. L. Norris is asserting some character of title or claim to said land, and he is made a defendant.

The petition concludes with a prayer (1) that plaintiffs have judgment specifically enforcing the performance of said contract, and that the title to the lands be decreed to plaintiffs, or to plaintiff New State Land Company, or to plaintiff A. H. Scoggin, subject to the vendor's lien for the deferred payments, and that all title, but subject to said vendor's lien, be divested out of defendants B. F. and Cora Ogden Wilson and Norris and all their assignees who have become such since the filing of said lis pendens notice, and for general relief; (2) that should plaintiffs not be entitled to the above relief, they, and each of them, pray in the alternative for judgment against the defendants Wilson for said damages, including said $1,000; and (3) that, if found not entitled to either of the above forms of relief, they ask for judgment, in that event, against defendants Hunnam, as the facts may justify.

As already stated, the defendants Wilson interposed demurrers, of which the general and the special demurrers 14, 15, and 15a were sustained. By these the question was raised that the New State Land Company, being a foreign corporation, and it appearing that the contract alleged was executed, if executed at all, in San Antonio, Tex., and at the times mentioned in the petition it was actually transacting business within the state of Texas, could not transact business in the state, such as the making of the contract in question, and could not maintain an action in this state—the petition failing to allege previous compliance with our statute for filing a copy of its articles of incorporation, and obtaining a permit from the Secretary of State of the state of Texas to transact business in the state; that it inferentially appears from the petition that said foreign private corporation has as its principal object and purpose the buying and selling of lands, but it does not appear that it had the legal right under its charter, or under the laws of Texas, to enter into the contract for the purchase of lands in Texas as alleged; on the contrary, it appears from the face of the pleading that it was incapable of making or executing such a contract, or any valid contract for the purchase by it of lands in Texas, such as those described in the petition; and that it appears from the petition that said corporation was, at the date of the alleged contract, a foreign corporation, without authority to purchase the land referred to, and the defendants could not be compelled to accept the notes of such a corporation as part consideration for the land, and such notes are not a legal consideration for such land, and no action for damages can be based on defendants'. refusal to accept such notes.

It does not appear to be necessary, for the purposes of this appeal, to state the pleadings further, except that defendants F. C. Hunnam and R. Hunnam pleaded, by special demurrer, misjoinder of parties and causes of action, so far as they were concerned, which the court also sustained.

## Conclusions of Law.

[1] (1) We are of opinion that the court erred in sustaining the exceptions of defendants Hunnam. If, as alleged in the petition, they undertook, as the authorized agents of the owners of the land, to make for them the contract upon which the suit is based, and received the cash payment made by the purchaser, they would be liable to the purchaser for said sum in the event they, in fact, did not have authority to act for the owners. Their liability would grow out of the transaction in controversy, and be directly dependent on the determination of the issue of their authority to bind the owners by the contract they made for them. They were properly joined as parties with a view to recovery against them, in the event the contract failed of enforcement for want of authority in them to make it.

[2] (2) The demurrers were improperly sustained, in so far as they involved the contention that it was necessary for the petition to allege that the plaintiff corporation had power under its charter to purchase lands, or to purchase lands in Texas, or to contract therefor. 6 Thompson on Corporations, § 7617.

[3] (3) The remaining question is whether or not it was essential for the petition to allege compliance with the statutes of Texas, relating to the filing of a copy of plaintiffs' charter with the Secretary of State, obtaining permit to do business in this state, etc., in order to maintain a suit in the courts of this state upon the contract in question. Appellee cites cases in which it was held that foreign corporations must make the allegation; but they all appear to have been cases in which the petition affirmatively showed the transaction involved constituted business done in the state. Where this fact is not disclosed by the petition, the absence of the allegation does not make the petition subject to demurrer. This has been definitely decided. Panhandle Telephone Co. v. Kellogg, 132 S. W. 963.

The petition in this case fails to make the allegation; and the question of its necessity depends upon whether or not the petition alleges or states facts which, by necessary implication, show that the contract was made in this state. It contains but one fact which can be claimed to have that effect, and that is the superscription to the contract itself, which reads: "San Antonio, Texas, May 6, 1909." It is signed: "F. C. Hunnam & Co., per R. H., Agents for B. F. and Cora Ogden Wilson. The New State Land Co. by J. W. Baxter, V. P." It would not matter if the negotiations leading to the making of the contract were conducted, in whole or in part, in Texas, if the contract itself, when finally executed, was executed outside of the state. The superscription to the contract indicates that it was prepared in San Antonio; but that may have been, and the contract consummated in Oklahoma by the vice president of the corporation signing it there. There is no allegation as to where the contract was made; and there is not enough disclosed upon the face of the petition to amount to such an allegation. Hence we conclude that its failure to allege previous compliance with said statute, relative to foreign corporations doing business in this state, was not a matter that could be taken advantage of by demurrer, general or special.

[4] That business transactions by a foreign corporation in Texas, which has not complied with the requirement of the statute, are not void; and that the only right in respect thereto which is denied by the statute is the right to resort to the courts of our state for their enforcement, and that, when denied relief in our courts upon such ground, the proper judgment is one of dismissal only, leaving it open for the corporation to resort to courts of other jurisdictions for relief, are questions that are clearly determined in the opinion of the Supreme Court in the case of Smythe Co. v. Ft. Worth Glass & Sand Co. (Sup.) 142 S. W. 1157.

[5] The effect of the statute denying the corporation the right to maintain proceedings in our courts extends to its assignee of the cause of action, such as Hoskins, the intervener plaintiff, who obtained an assignment pendente lite, as shown by the petition. He would stand in no better position than the corporation itself. Buck v. Vickers, 80 Kan. 29, 101 Pac. 670; Halsey v. Jewett, 190 N. Y. 231, 83 N. E. 25, 123 Am. St. Rep. 546; Bank v. Holland, 103 Tex. 266, 126 S. W. 564; Railway v. Davis, 93 Tex. 378, 54 S. W. 381, 55 S. W. 562.

Reversed and remanded.