**FAVORITE OIL CO. OF BEAUMONT & CLEBURNE et al. v. JEF CHAISON TOWNSITE CO.**

(Court of Civil Appeals of Texas. Galveston. Dec. 8, 1913.)

1. CORPORATIONS (§ 630\*) — STOCKHOLDERS — RIGHT TO SUE.

Though, since the action of the Secretary of State, under Rev. Civ. St. 1911, art. 7399 (Sayles' Ann. Civ. St. 1897, art. 5243i), in forfeiting, for failure to pay franchise tax, the right of a corporation to do business did not dissolve the corporation, but only suspended its powers, the directors could not, under Rev. Civ. St. 1911, art. 1206 (Sayles' Ann. Civ. St. 1897, art. 682), providing that, upon the dissolution of a corporation, unless a receiver is appointed, the directors shall become trustees of the property for the stockholders and creditors, etc., sue as such trustees to set aside a void judgment against the corporation, yet they could maintain such action in their capacity as stockholders, not because of the refusal of the corporation to sue, but because of its incapacity caused by the forfeiture of its right to do business, since, if the stockholders could not sue, the corporation would be powerless to protect its rights and property.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 2482–2486; Dec. Dig. § 630.\*]

Appeal from District Court, Jefferson County; R. G. Street, Special Judge.

Action by W. E. Waggoner and others, stockholders and directors of the Favorite Oil Company of Beaumont & Cleburne, against the Jef Chaison Townsite Company. Judgment for defendant, plaintiffs appeal. Reversed and remanded.

F. J. & C. T. Duff, of Beaumont, for appellants. Watts & Wheat and Dougherty & Gordon, all of Beaumont, for appellee.

REESE, J. The plaintiffs in this action, W. E. Waggoner and eight others, allege that they are stockholders of the Favorite Oil Company of Beaumont & Cleburne, that on

May 6, 1904, said corporation became defunct under and by virtue of the laws of the state of Texas, by reason of having failed to pay the franchise tax for which it was liable, and was so declared by the Secretary of State, and that the said persons were also the duly elected and qualified board of directors of said corporation at the time of the forfeiture so declared by the Secretary of State. They sue for themselves and as trustees for the stockholders and creditors of the Favorite Oil Company aforesaid, and for the said corporation. The purpose of the suit is to set aside and cancel a certain judgment against the said Favorite Oil Company in favor of the defendant Townsite Company, for the title and possession of a certain tract of land, alleging that said judgment was obtained without legal service of citation or other notice upon the oil company, in consequence of which the court was without jurisdiction to render said judgment. The trial court sustained a general demurrer to the petition, on the ground, as stated in the judgment, that the action of the Secretary of State did not have the effect of forfeiting the charter of the oil company, but only of its right to do business, operating only to suspend the corporate powers of the oil company, and that it did not operate a dissolution of the oil company so as to cast the legal title to the property in controversy upon the plaintiffs "as trustees for the stockholders and creditors, and thereby enable them to sue as trustees." The plaintiffs declined to amend, and the case was dismissed. Plaintiffs appeal.

It seems to have been appellants' idea that the action of the Secretary of State, in forfeiting its right to do business for failure to pay its franchise tax, under the provisions of article 5243i, Sayles' Civil Statutes (article 7399, R. S. 1911), had the effect to dissolve the corporation, and to bring its affairs under the operation of article 1206, R. S. 1911 (article 682, Sayles' Statutes), by the provisions of which the president and board of directors in office at the time of such dissolution become trustees for the stockholders and creditors, with full power to settle its affairs, collect debts, etc. This question has not, so far as we have been able to find, been decided by the Supreme Court. It was held by the Court of Civil Appeals of the Fifth district in Fox v. Robbins, 70 S. W. 599, approving the decision of the Court of Civil Appeals of the Fourth district in the same case (62 S. W. 815) that article 5243i of Sayles' Civil Statutes did not authorize the Secretary of State to declare a forfeiture of the charter of a corporation, but that its dissolution could only be effected by a suit brought by the state for that purpose. Again, in Rippstein v. Ry. Co., 85 S. W. 314, by the Court of Civil Appeals of the Fourth district, and in Maloney Mercantile Co. v. Savage Bank, 56 Tex. Civ. App. 397, 121 S. W. 889, by the Court of Civil Appeals of the Second district

the same doctrine was announced. In the case of Fox v. Robbins, 70 S. W. 597, writ of error was denied by the Supreme Court. But there were many issues involved in that case, and we cannot say that the refusal of the writ of error necessarily involved an approval by the Supreme Court of the holding of the Appellate Court on this question. Conceding, however, the correctness of these holdings on this question, and that therefore the appellants were not by the action of the Secretary of State aforesaid made trustees with the power conferred by article 1206, R. S. 1911, to settle the affairs of the corporation, we are of the opinion that plaintiffs still had the right to prosecute this action in their capacity as stockholders. Although they do not so specifically allege, it necessarily resulted that the suit was being prosecuted for themselves, and other stockholders.

It is a well-recognized exception to the general rule that during the life of the corporation it, and not the stockholders, is the legal owner of its property, and it alone can sue for the enforcement of its rights, that such suit may be prosecuted by a stockholder, suing for the benefit of himself and other stockholders, when the proper officers of the corporation whose duty it is to prosecute such action refuse to do so, and it appears to be necessary to the ends of justice that such action be prosecuted. 2 Cook Corp. §§ 645–750; 4 Thompson Corp. § 4488; Dodge v. Woolsey, 18 How. 331, 15 L. Ed. 401; Huber v. Martin, 127 Wis. 412, 105 N. W. 1031, 1135, 3 L. R. A. (N. S.) 655, 115 Am. St. Rep. 1023, 7 Ann. Cas. 400. Referring to the objection to such a suit on the ground that the property belongs to the corporation as a separate entity, the court in the case last cited says: "That, while the corporate property belongs to the corporation for corporate purposes, the corporation itself belongs to the members thereof, and that any such member, however small his interest, may knock successfully at the judicial doors to prevent the use of the corporate assets in any other way than in strict harmony with what has been said. If such were not the case, wrongs of a serious nature would quite likely go without redress and rights without protection." This doctrine is not denied by appellee. One of the propositions stated in its brief is that, in order to entitle a stockholder to maintain a suit for the benefit of the corporation or its stockholders, which suit should have been brought by the corporation, it must be alleged and proven that there had been a request and a refusal of the proper corporate officers to sue. Such request, in the present case, would have been a vain and futile thing. The right to institute this suit was denied the corporation by the express terms of the statute, as a result of the action of the Secretary of State. It was therefore forbidden to do any business as a corporation, and deprived of the power to bring or defend any

suits of any kind, except that it might defend an action brought to forfeit its charter.

The right of the stockholders, in certain cases, to sue, when the corporation refuses to do so, rests upon the necessity to prevent a failure of justice. The whole doctrine is thus stated by Mr. Pomeroy with his usual clearness and force: "Although the corporation holds all the title, legal or equitable, to the corporate property, and is the immediate cestui que trust under the directors with respect to such property, and is theoretically the only proper party to sue for wrongful dealings with the property, yet courts of equity recognize the truth that the stockholders are ultimately the only beneficiaries; that their rights are really, though indirectly, protected by remedies given to the corporation; and that the final object of suits by the corporation is to maintain the interests of the stockholders. While, in general, actions to obtain relief against wrongful dealings with the corporate property by directors and officers must be brought by and in the name of the corporation, yet, if in any such case the corporation should refuse to bring a suit, the courts have seen that the stockholders would be without any immediate and certain remedy, unless a modification of the general rule were admitted. To that end, the following modification of the general rule stated in the last preceding paragraph has been established as firmly and surely as the rule itself. Wherever a cause of action exists primarily in behalf of the corporation against directors, officers and others, for wrongful dealing with corporate property, or wrongful exercise of corporate franchises, so that the remedy should regularly be obtained through a suit by and in the name of the corporation, and the corporation *either actually or virtually refuses* to institute or prosecute such a suit, then, in order to prevent a failure of justice, an action may be brought and maintained by a stockholder or stockholders, either individually or suing on behalf of themselves and all others similarly situated, against wrongdoing directors, officers, and other persons; but it is absolutely indispensable that the corporation itself should be joined as a party—usually as a codefendant. The rationale of this rule should not be misapprehended. The stockholder does not bring such a suit because *his* rights have been *directly* violated, or because the cause of action is *his*, or because he is entitled to the relief sought; he is permitted to sue in this manner *simply in order to set in motion the judicial machinery of the court*. The stockholder, either individually or as the representative of the class, may commence the suit, and may prosecute it to judgment; but, in every other respect, the action is the ordinary one brought by the corporation, it is maintained directly for the benefit of the corporation, and the final relief, when obtained, belongs to the corporation, and not to the stockholder plaintiff.

The corporation is therefore an indispensable necessary party, not simply on the general principles of equity pleading in order that it may be bound by the decree, but in order that the relief, when granted, may be awarded to it, as a party to the record, by the decree. This view completely answers the objections which are sometimes raised in suits of this class, that the plaintiff has no interest in the subject-matter of the controversy, nor in the relief. In fact, the plaintiff has no such *direct* interest; the defendant corporation alone has any direct interest; the plaintiff is permitted, notwithstanding his want of interest, to maintain the action solely to prevent an otherwise complete failure of justice." It would be entirely futile to make the corporation a party defendant to the suit in the present case. As it had no power to bring suits, so it had none to defend, by the terms of the statute.

There can be no possible distinction, with any basis in reason, between a case where the corporation refuses to sue, after being requested by a stockholder to do so, and the present case, where by the express terms of the statute the corporation is deprived of the power to institute and prosecute a suit apparently necessary in order to avoid a failure of justice. A court of equity is not to be stopped by so baseless a distinction from an application of the rule stated in the present case. According to the allegations of the petition the right to do business by this corporation was forfeited in 1904, and with it its right to institute any sort of an action. This right might be revived, provided the franchise tax was afterwards paid, but this must be done within six months. That right of revival is now long since gone. If in such case suits cannot be brought by stockholders, under the general rule stated, to recover and to preserve the property of the corporation, the result would be that such property would be open to be appropriated by the first person who should choose to grab it. The corporation might have no creditors, might not care to continue business, and in such case there would be no power in the courts to protect its property from spoliation. We think that in such case, not on account of refusal, but on account of the inability of the corporation to sue, under the rule stated, a court of equity should entertain a suit by stockholders when necessary to prevent a failure of justice.

We think that in the present case the appellants, in their capacity of stockholders, had the right to sue, and the general demurrer to the petition should not have been sustained. For the error indicated, the judgment is reversed and the cause remanded, with suggestion that the petition be amended so as to show more specifically that the suit is brought by stockholders suing for themselves and other stockholders, and also stating more specifically the action of the Secretary of State in entering the forfeiture.

Reversed and remanded.