## HOOD et al. v. GLENN.
### No. 8276.

Court of Civil Appeals of Texas. Austin.
Nov. 25, 1936.

Wilkinson & Wilkinson, of Brownwood, for appellants.

BAUGH, Justice.

The same issues of law are involved in this case as were involved in Real Estate-Land Title & Trust Co. v. Dildy (Tex.Civ. App.) 92 S.W.(2d) 318 (writ ref.), to which reference is here made. In the Dildy Case the holder of the paving certificates which were secured by a lien on property in Brownwood, Brown county, Tex., sued the owner of the property to establish its debt and to foreclose its lien. The plea in abatement filed by the defendant in that case was sustained and the case dismissed with prejudice. In the instant case H. C. Glenn, receiver, sued the owner of the property involved as maker of a note and to foreclose a mortgage on said property,

given to secure payment of same, and made numerous other parties defendants, alleging that they were claiming some interests in or title to the same, but that same were inferior to the lien of the plaintiff. Among these defendants was Real Estate-Land Title & Trust Company. This company by answer and cross-action alleged that it was the owner of certain described paving certificates, secured by a lien on said property, which it had acquired from Jagoe Construction Company, the original payee thereof, and which it asserted as a superior lien on the property to that asserted by Glenn under his mortgage. To this answer and cross-action Glenn filed a plea in abatement, setting up the same grounds as were urged in the Dildy Case, that is, that at the time Jagoe Construction Company made the paving contract, at the time the paving certificates were issued to it and at the time it assigned same to appellant Real Estate-Land Title & Trust Company, the right of the Jagoe Construction Company, a corporation, to do business in Texas had been forfeited by the state for failure to pay its franchise tax, and that such right had not been reinstated. In reply to this by amended pleadings, the Real Estate-Land Title & Trust Company pleaded that subsequent thereto and prior to the trial hereof, the Jagoe Construction Company had paid such franchise tax and penalties, and that its right to do business in Texas had been reinstated by proper entries on the records in the office of the secretary of state. In this respect the pleadings and the facts in the instant case differ from those disclosed in the Dildy Case. In the Dildy Case neither the pleadings nor the proof showed such reinstatement of its right to do business in this state. In the instant case both the pleadings and the proof show such reinstatement. In the instant case, as in the Dildy Case, the trial court sustained the plea in abatement and dismissed the cross-action on the paving certificates with prejudice. In this, under the holding in the Dildy Case, and the authorities therein cited, the trial court clearly erred. There seems to be no controversy over the facts, that is, the respective debts pleaded, and the mortgage lien and paving lien, but having sustained the plea in abatement, it is obvious that the trial court did not adjudicate the issues of priority or superiority as between the mortgage lien on the property and the paving lien asserted against it.

The exact questions here raised having been settled in favor of the appellant in the Dildy Case, it would be but supererogatory to reiterate or again discuss them here. For the reasons stated in the Dildy Case, to which reference is here made, the judgment of the trial court is reversed, and the cause remanded for another trial.

Reversed and remanded.