# ROSENBLUM v. DINGFELDER et al.

## No. 279.

Circuit Court of Appeals, Second Circuit.

April 15, 1940.

Bernard Gordon, of New York City (Henry A. Panoff, of New York City, of counsel), for plaintiff-appellant.

Harry Weinberger, of New York City (Chester A. Pearlman, of New York City, of counsel), for defendants-appellees.

Before L. HAND, CHASE, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

Plaintiff, as assignee of two Texas corporations, has sued the defendants on two separate, but similar, claims for an accounting and for the sums found due on such accounting, or in the alternative, for a judgment for a named sum fraudulently withheld by the defendants. The district court granted summary judgment on the merits in favor of the defendants, on the ground that neither assignment was legally valid. The court actually entered three separate orders or judgments, from all of which this appeal was prosecuted. The first of these was entered by the judge on September 5, 1939, pursuant to the direction of a "Memorandum" by the judge of July 26, 1939; it dismissed the first cause of action on the merits and provided for a like dismissal of the second cause of action unless within sixty days after service of a copy of the order upon him plaintiff took certain steps to prove his right to the claim sued upon. The second was a "Judgment" signed by the clerk, dated November 14, 1939, after a further "Memorandum" by the judge of October 25, 1939, which stated that "condition of order has not been fulfilled"; this judgment dismissed both causes upon the merits and awarded costs to the defendants. The third, dated November 27, 1939, and signed by the judge, was entitled "Order Appealed from," and denied plaintiff's motion for an order that

he had complied with the condition of the order of September 5, 1939.

These proceedings were unnecessarily confusing. Rule 58, Rules of Civil Procedure for District Courts, 28 U.S.C. A. following section 723c, directs the entry of a judgment of no recovery or for costs only "forthwith" by the clerk upon his receipt of the court's direction to that effect. Rule 54(b) provides for a separate judgment on one of several claims upon a determination of all issues material to it, and thus shows that otherwise only one final judgment is contemplated; indeed, the rule expressly states that in case a separate judgment is so entered, the court may stay its enforcement or otherwise condition it so as "to secure the benefit thereof to the party in whose favor" it is entered. In other situations a piecemeal disposition of a case is manifestly undesirable; in the interim the parties do not know their ultimate rights, the court must provide another trial of issues similar to or identical with those it has considered, and the finality of the partial judgment is in question on appeal. Cf. Atwater v. North American Coal Corp., 2 Cir., 111 F.2d 125, April 8, 1940. The court should have withheld direction for entry of judgment of dismissal until all matters before it were settled; it should then have issued its direction promptly, to be acted on forthwith by the clerk. Hence one judgment entered on October 25, 1939, upon the filing of the court's final memorandum, would have presented the conclusions reached with completeness and precision. Nevertheless plaintiff has protected his rights adequately by making his appeal all-inclusive.

The objections raised by defendants to the validity of the assignments are of a technical nature. In modern times the assignment of choses in action has come to be thoroughly recognized, and the "real party in interest" provision of present-day codes—repeated in Rule 17(a)—has been generally construed to include an assignee for collection or suit only. Titus v. Wallick, 306 U.S. 282, 59 S.Ct. 557, 83 L.Ed. 653; Clark and Hutchins, The Real Party in Interest, 34 Yale L.J. 259; 2 Moore's Federal Practice 2005, 2051–2053. Since the claim is owned and may be sued upon by some one, all a defendant may properly ask is such a party plaintiff as will render the judgment final and res adjudicata of the right sued upon. It has been held that a defendant waives the right by

failing to claim it. Porter v. Lane Construction Co., 212 App.Div. 528, 209 N.Y.S. 54, affirmed 244 N.Y. 523, 155 N.E. 881.. Indeed, the plaintiff asserts with much force that under modern rules of amendment and substitution of new parties (cf. Rule 21), the action would in no event abate on the objection here made, but would continue upon the substitution of the proper parties. But we need not consider that suggestion further, since we are clear that as against the attacks made here the assignments are valid and the plaintiff is the proper person to bring suit.

In his complaint, as a first cause of action, plaintiff alleged that Joseph Rosenblum Co., Inc., a Texas corporation, shipped various carloads of produce during the years 1932, 1933, and 1934 to defendants in New York and elsewhere for sale by them upon commission, and that they, by a system of padding expenses and falsifying reports of sales and prices received, succeeded in defrauding the shipper of large amounts due it. Plaintiff alleged further that the corporation assigned the claim to him prior to the bringing of the action. He asked an accounting and judgment for the money found due thereon, or in the alternative, for the sum due him, which he asserted was in excess of $150,000.

In their answer, in addition to denials, defendants pleaded that on or about July 6, 1934, the charter of the corporation was forfeited by the State of Texas, and that plaintiff was not the real party in interest. Then they moved for summary judgment, and in a supporting affidavit recited a telegram from Texas state officials wherein it was stated that the corporation was incorporated in Texas in 1930 and "forfeited July 6, 1934." A reply affidavit brought out that the forfeiture was for failure to pay franchise taxes due the State of Texas, was of the right to do business only, not of the corporate charter, and that restoration of rights could be had upon payment of the sum of $173 due for back taxes. Some objection is made to the informal nature of this evidence. But it is not questioned that the facts upon which the parties base their respective claims could be proved at trial, and we perceive no reason for further formalities of proof on this proceeding. The function of affidavits upon a motion for summary judgment is to show quickly and summarily what the parties can prove at a long trial. We may take these facts, therefore, as established for this motion.

The assignment of this claim was made just prior to the bringing of action by a written assignment executed by "Joseph Rosenblum Co., Inc., by Joseph Rosenblum, President." Attached to it was a written consent and approval signed by Joseph Rosenblum and Eva L. Rosenblum, who recited that they were all of the directors of the corporation. Defendants say that this assignment is invalid because of the "forfeiture" in 1934.

The provisions of the Texas statutes show quite clearly, however, that they are aimed at protection of the state revenue and do not have the extensive effect claimed by defendants. Article 7091, Vernon's Ann.Civ.St., Tex., deals with failure to pay the franchise tax; it does not forfeit the corporate charter, but only "the right to do business," and "to sue or defend in any court of this State," except in a suit to forfeit its charter. This express statement is followed by art. 7092, which provides that if the default continues for six months it "shall constitute sufficient ground for the forfeiture, by judgment of any court of competent jurisdiction, of" corporate charter. By art. 7095, suit for such purpose shall be brought by the attorney general, and on judgment of forfeiture of the charter, the court may appoint a receiver to administer the affairs of the corporation. Until this ultimate step, however, the corporation is not dissolved, but only its powers are suspended. On payment of the taxes due, the corporation may again sue upon rights accruing before or during the time it has been prohibited from doing business, Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W. 2d 56; Real Estate-Land Title & Trust Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318,. though new suits must apparently be instituted, since pending suits have abated.. Stephens County v. J. N. McCammon, Inc.,. 122 Tex. 148, 52 S.W.2d 53; Real Estate-Land Title & Trust Co. v. Dildy, supra. It is suggested, too, that a corporation which has incurred the penalties of art. 7091 can still sue in courts outside of Texas, Real Estate-Land Title & Trust Co. v. Dildy, supra; S. R. Smythe Co. v. Ft. Worth Glass. & Sand Co., 105 Tex. 8, 142 S.W. 1157, 1162, and that the directors can sue as. stockholders in Texas to protect the property of the corporation. Pratt-Hewit Oil Corp. v. Hewit, 122 Tex. 38, 52 S.W.2d 64; Favorite Oil Co. v. J. Chaison Townsite Co., Tex.Civ.App., 162 S.W. 423. Moreover, even when a corporation is dissolved.

and no receiver is appointed, the president and directors may transfer its property. Vernon's Ann.Civ.St., Tex., arts. 1387, 1388. It is clear, therefore, that the corporation's claims against wrongdoers are not lost, but only its Texas remedies are suspended. Cf. Suspension of Corporate Charter for Non-payment of Franchise Tax, 48 Yale L.J. 650, 660; 11 Tex.L.Rev. 250. Hence there is nothing to render void an assignment for suit in the United States courts sitting in New York. Defendants' objections to plaintiff's prosecution of the first cause of action should therefore have been overruled.

The second cause of action is based upon similar facts, to wit, failure properly to account for produce shipped to and sold by defendants; but here the shipper was a different Texas corporation, namely, Roy Campbell-Jos. Rosenblum Co., Inc., and the amount involved was claimed to be in excess of $60,000. The attack made upon this corporation's assignment to plaintiff was that the corporation had been adjudicated a bankrupt in the District Court of the United States for the Southern District of Texas in 1933, and that the claim, if any, had vested in the trustee in bankruptcy before the assignment was made. Plaintiff's reply was that the trustee had abandoned the claim, and that the bankruptcy case had been dismissed and dropped from the referee's docket in 1938, all prior to the assignment.

The district court below withheld its order of dismissal for sixty days, to give the plaintiff opportunity to show "by an order of the Texas Court that there has been the necessary abandonment." During the period so allowed, the bankruptcy estate was reopened, another trustee was appointed, and an order of abandonment of the claim to the bankrupt was entered after due notice and hearing. Nevertheless the district court proceeded to order dismissal of this cause of action, on the ground that its condition had not been fulfilled. Apparently its reason was that an abandonment of the claim prior to the bringing of this action had to be shown.

In this, too, we think the court was in error. On these papers it should not have been held as a matter of law in favor of these defendants that the trustee had not abandoned the right of action even prior to the later order of the bankruptcy court. Cf. Sessions v. Romadka, 145 U.S. 29, 12 S.Ct. 799, 36 L.Ed. 609. But this new order of the bankruptcy court settles the issue in any event. For the Supreme Court has held that when the trustee in bankruptcy abandons an asset, he is to be treated as having never had title to it; the abandonment is said to relate back, so that "the title stands as if no assignment had been made." Brown v. O'Keefe, 300 U.S. 598, 602, 57 S.Ct. 543, 546, 81 L.Ed. 827; Sessions v. Romadka, supra. Relation back may be considered in the nature of a fiction (see Palmer v. Palmer, 2 Cir., 104 F. 2d 161, 163), but after all, it is only a convenient way of describing a situation where the trustee never had occasion to proceed and the right is viewed not as having lapsed in favor of the claimed wrongdoer, but as remaining in the bankrupt. At any rate that is the explanation of the Supreme Court; it fits this case appropriately and supports the plaintiff's right to sue on this cause.

Reversed.