**MARX**

v.

**UNITED STATES FIDELITY & GUARANTY CO.**

No. 13397.

United States Court of Appeals
Ninth Circuit.

Jan. 14, 1954.

Sampson & Dryden, Jacob Swartz, Los Angeles, Cal., for appellant.

Hunter & Liljestrom, Los Angeles, Cal., for appellee.

Before MATHEWS, STEPHENS and ORR, Circuit Judges.

MATHEWS, Circuit Judge.

On December 17, 1947, in the Superior Court of the State of California in and for Los Angeles County, Andre Dusel brought an action (No. 538,461) against appellant, Don Marx, also known as Donald Frederick Marx, a citizen of California, for $9,861.78. In action No. 538,-461, an attachment was issued, directing the sheriff of Los Angeles County to attach the property of appellant as security for the satisfaction of any judgment which Dusel might recover therein. Before the attachment was issued, a written undertaking on the part of Dusel was filed with the clerk of the Superior Court, as required by § 539 of the California Code of Civil Procedure.[1] The undertaking was executed by appellee, United States Fidelity & Guaranty Company, a Maryland corporation. The sum specified in the undertaking was $7,900. Under the attachment, property of appellant[2] was attached by the sheriff on De-

---

1. Section 539 provides: "Before issuing the writ [of attachment], the clerk * * * must require a written undertaking on the part of the plaintiff * * * to the effect that if the defendant recovers judgment, the plaintiff will pay all costs that may be awarded to the defendant and all damages which he may sustain by reason of the attachment, not exceeding the sum specified in the undertaking * * *. The sum specified in the undertaking shall be such as the clerk * * * may require, not less than fifty dollars ($50), nor more than the amount claimed by the plaintiff * * *."

2. A restaurant known as the Coronet Restaurant and all personal property of appellant therein, including furniture, equipment and stock in trade.

cember 17, 1947, and was held by the sheriff from December 17, 1947, to January 22, 1948. Appellant recovered judgment in action No. 538,461 on September 12, 1950. No appeal was taken from that judgment. The time within which such an appeal might have been taken expired before April 9, 1951.

On January 8, 1948, in the United States District Court for the Southern District of California, appellant instituted a proceeding (No. 45,569) under Chapter 11 of the Bankruptcy Act, 11 U. S.C.A. § 701 et seq., by filing a petition for an arrangement. In proceeding No. 45,569, Francis F. Quittner was appointed receiver and, as such, took possession of the attached property on January 22, 1948. In the same proceeding, appellant was adjudged a bankrupt and Quittner was appointed trustee in March, 1948, and appellant was granted a discharge on June 16, 1948. There was listed as an asset of appellant's bankrupt estate a claim of appellant against Dusel and appellee for $15,000 as damages which appellant claimed to have sustained by reason of the attachment in action No. 538,-461. However, before April 9, 1951, the trustee was authorized to, and did, abandon the claim. Consequently the claim was thereafter treated, and properly so, as belonging to appellant.[3]

 On April 9, 1951, in the District Court, appellant brought an action (No. 13,007) against appellee for $9,861.78 as damages which appellant claimed to have sustained by reason of the attachment in action No. 538,461. Action No. 13,007 was based on the undertaking in action No. 538,461.[4] On May 5, 1951, appellee filed an answer denying that appellant had sustained any damages by reason of the attachment. On September 18, 1951, action No. 13,007 was placed on the Dis-

trict Court's trial calendar for trial on October 8, 1951. The parties, by their counsel, appeared on October 8, 1951, and announced that they were ready for trial, but action No. 13,007 was never tried. Appellant offered to adduce evidence in support of his claim against appellee, but the District Court refused to, and never did, receive any evidence. However, on April 1, 1952, the District Court entered a judgment for appellant for $25 as nominal damages and for costs. From that judgment appellant has appealed.

In his petition for an arrangement, appellant proposed an arrangement the provisions of which were set forth in Exhibit 1, attached to and made part of his petition.[5] In Exhibit 1, appellant stated, in substance, that from June 6, 1946, to January 8, 1948, appellant owned a restaurant known as the Coronet Restaurant; that appellant operated the restaurant from June 6, 1946, to August 5, 1947; that on August 5, 1947, appellant made an agreement with Dusel whereby Dusel agreed to operate the restaurant and pay appellant $500 a month during the period of such operation; that Dusel's operation of the restaurant was unprofitable; that on December 11, 1947, the agreement between appellant and Dusel was terminated, and appellant resumed operation of the restaurant; and that, under the attachment in action No. 538,461, appellant's property, including the restaurant,[6] was attached on December 17, 1947.

 From appellant's statement that Dusel's operation of the restaurant was unprofitable, the District Court concluded that appellant sustained no substantial damages by reason of the attachment and was, therefore, entitled to recover nominal damages only. The conclusion was unwarranted. Dusel's opera-

---

3. Brown v. O'Keefe, 300 U.S. 598, 57 S.Ct. 543, 81 L.Ed. 827; Rosenblum v. Dingfelder, 2 Cir., 111 F.2d 406.

4. Although appellant may have sustained damages in the sum of $9,861.78 by reason of the attachment, he was not entitled to recover of appellee more than $7,900—

the sum specified in the undertaking. See § 539 of the California Code of Civil Procedure.

5. Exhibit 1 was entitled "Proposed Plan of Arrangement of Donald Frederick Marx."

6. See footnote 2.

tion of the restaurant ceased on December 11, 1947—six days before the attachment was issued. From December 11, 1947, until it was attached, the restaurant was operated by appellant. Appellant did not state that his operation of the restaurant was unprofitable. Furthermore, appellant may have sustained substantial damages by reason of the attachment, even if his operation of the restaurant was unprofitable; for, obviously, loss of profit is not the only damage which may be sustained by reason of an attachment. What damages, if any, appellant sustained should be determined after a trial, at which the parties may adduce evidence on that issue.

Judgment reversed and case remanded for further proceedings in conformity with this opinion.