SUMMARY ORDER

Plaintiff, John Lambrinos, and defendant, Donald Gagnier, appeal from a judgment entered June 29, 2007 in the United States District Court for the Northern District of New York (Hurd, J.). Sua sponte and on defendant Exxon Mobil’s motion for summary judgment and defendant Gagnier’s order to show cause, the district court dismissed all claims and cross-claims. We assume the parties’ familiarity with the underlying facts, the procedural history, and the issues presented for review.
On appeal, Lambrinos argues that the district court erred by dismissing his claims against Gagnier for lack of “standing.” Lambrinos also argues, as assignee of Exxon Mobil’s cross-claims against Gag-nier, that the district court erred by dismissing the assigned cross-claims for statutory contribution. Gagnier argues that the district court erred by dismissing his cross-claim against Exxon Mobil for damages under the New York Navigation Law. We have considered Lambrinos’ and Gag-nier’s arguments and find that they warrant partial vacatur and remand.
1. Lambrinos’ claims against Gagnier were improperly dismissed by the district court for lack of “standing.” While the district court’s legal basis for this dismissal is somewhat unclear, the issue is, properly understood, one concerning the real party in interest. The assignment was sufficient to render Lambrinos the real party in interest for purposes of Rule 17(a) of the Federal Rules of Civil Procedure. See Rosenblum v. Dingfelder, 111 F.2d 406, 407 (2d Cir.1940); see also, Dubuque Stone Prods. Co. v. Fred L. Gray Co., 356 F.2d 718, 723-24 (8th Cir.1966) (holding assignment after commencement of action sufficient to satisfy Rule 17); Kilbourn v. W. Sur. Co., 187 F.2d 567, 571 (10th Cir.1951) (same). Moreover, the preferable course is to cure any Rule 17 defects by granting leave to amend, rather than to dismiss the affected claims. See Fed.R.Civ.P. 17(a)(3); Advanced Magnetics, Inc. v. Bayfront Partners, Inc., 106 F.3d 11, 20 (2d Cir.1997) (holding that, even though district court retains discretion despite Rule 17(a)(3) to dismiss an action for failure to commence in the name of the real party in interest, “substitution ... should be liberally allowed when the change is merely formal and in no way alters the original complaint’s factual allegations as to the events or the participants”).
2. Exxon Mobil’s cross-claims against Gagnier (assigned to Lambrinos) for statutory contribution were improper *615 ly dismissed. In its responsive pleadings, Exxon Mobil asserted both common law and statutory cross-claims for contribution. The district court dismissed the statutory cross-claims on the basis of Exxon Mobil’s previously established status as a “discharger” and dismissed its common law cross-claim on the basis of “the expressed provisions of the General Obligations Law.” On appeal, Lambrinos appears to contest only dismissal of the statutory claims: He cites only cases discussing statutory contribution claims and makes only statutory arguments. Accordingly, we review the district court’s ruling only insofar as it dismissed Exxon’s Mobil’s statutory contribution claims. Under neither § 181(5) nor § 176(8) of the New York Navigation Law is Exxon Mobil’s status as a “discharger” — as defined in § 181(1) of the New York Navigation Law — alone sufficient to bar its recovery. See Booth Oil Site Admin. Group v. Safety Kleen Corp., 532 F.Supp.2d 477, 511 (W.D.N.Y.2007). Dismissal of Exxon Mobil’s cross-claims for statutory contribution on the ground that it was a “dischar-ger” was accordingly erroneous.
3. Gagnier’s cross-claim against Exxon Mobil for damages under § 181(5) of the New York Navigation Law was improperly dismissed. Exxon Mobil failed to raise a statute of limitations defense to Gagnier’s cross-claim in its responsive pleadings, raising it for the first time in its January 5, 2007 motion for summary judgment. Though a district court has the discretion to consider an otherwise forfeited statute of limitations defense when deciding a motion for summary judgment, Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir.1993), it is unclear that the district court affirmatively decided to exercise that discretion; no rationale is stated with sufficient particularity to permit review. In such circumstances, its consideration of the defense was an abuse of discretion. See Stone v. Nat’l Bank & Trust Co., No. 92-cv-211, 1996 WL 310351, at *1 (N.D.N.Y. June 6, 1996) (considering statute of limitations defense raised for the first time at summary judgment upon a finding that no prejudice resulted); Steinberg v. Columbia Pictures Indus., Inc., 663 F.Supp. 706, 715 (S.D.N.Y.1987) (“ ‘[Absent prejudice to the plaintiff, a defendant may raise an affirmative defense in a motion for summary judgment for the first time.’ ”) (emphasis added; alterations in original) (quoting Rivera v. Anaya, 726 F.2d 564, 566 (9th Cir.1984)).
Insofar as the district court’s ruling was premised on discovery violations, the ruling was similarly an abuse of discretion. Though a district court has “ ‘wide discretion’ in imposing sanctions” for discovery violations, Shcherbakovskiy v. Da Capo Al Fine, Ltd., 490 F.3d 130, 135 (2d Cir.2007) (quoting Daval Steel Prods. v. M/V Fakredine, 951 F.2d 1357, 1365 (2d Cir.1991)), the district court’s decision to exercise that discretion here was stated with insufficient particularity to permit review. The district court made no factual findings regarding Gagnier’s purported violations, and no consideration of lesser sanctions appears in the record. In such circumstances, the district court’s ruling was an abuse of discretion. See id. at 135-40.
For the foregoing reasons, the judgment of the district court is hereby VACATED IN PART, insofar as it dismissed Lambri-nos’ claims, Exxon Mobil’s statutory cross-claims for contribution, and Gagnier’s statutory cross-claim for damages, and REMANDED to the district court for further proceedings consistent with this Order.