**FEDERAL CRUDE OIL CO. v. STATE.**
No. 9294.

Court of Civil Appeals of Texas. Austin.
Feb. 17, 1943.

Rehearing Denied March 10, 1943.

E. E. Easterling, W. D. Gordon, and Geo. E. Holland, all of Beaumont, for appellant.

Gerald C. Mann, Atty. Gen., and Cecil C. Cammack, George W. Barcus, and Ocie Speer, Asst. Attys. Gen., for appellee.

BLAIR, Justice.

Appellant, Federal Crude Oil Company, sued appellee, the State of Texas, to recover $6,986.26, alleged to have been demanded by and paid to the Secretary of State on June 5, 1928, in excess of the franchise taxes, penalties, and interest then due by it, but paid under protest in order to secure the revival of its right to do business and to bring suit for properties belonging to it. The trial below resulted in judgment for appellee; which we affirm.

The pertinent facts are as follows:

Appellant is a Texas corporation chartered on April 1, 1901, for a period of fifty years, for the purpose of owning leases and mining for oil and other minerals. It paid the franchise taxes due under Art. 5243i, R.S.1895, yearly until 1905; and on July 1, 1905, the Secretary of State forfeited its right to do business for failure to pay its franchise taxes as provided by said statute. Other than to hold title to whatever property it owned appellant did not thereafter actively engage in business until about June 5, 1928, when it applied for and secured a certificate of revival of its right to do business, which re-

vived its right to sue or defend in the courts. · A judgment of the District Court of Jefferson County attempted to dissolve appellant corporation in 1907, and to dispose of its property. Such judgment was void because the corporation was not dissolved as provided by law, and it has been continuously so considered ˙by appellant. In 1928 appellant desired to prosecute a suit for recovery of its property attempted to be disposed of by said void judgment, and accordingly applied for the certificate of revival of its right to do business and to sue in the courts in the manner provided by Art. 7092, R.S.1925. For such revival certificate the Secretary of State demanded and required appellant to pay the sum of $10,530 as the amount of delinquent franchise taxes, penalties, and interest due on June 5, 1928. Of said sum appellant ˙paid $6,986.26, under protest as being in excess of the amount due, claiming that it ceased to do business from 1906 until June 5, 1928, when its right to do business and to sue in the courts was revived. The receipt of the Secretary of State recited that appellant paid $6,986.25, under protest, "the same being the annual franchise tax and 10% and 25% penalties for the years 1907 to 1929, contending that it is only required to pay franchise tax for the year 1906 and the penalties of 10% and 25%, respectively, for said years, plus the amount of the revival fee of 5% per month for the entire period from 1906 to this date," June 5, 1928. Appellant thereafter paid its franchise taxes yearly until 1937, when it again defaulted; and on July 2, 1937, its right to do business and to sue in the courts was legally forfeited by the Secretary of State under the provisions of Arts. 7089, 7091, R.S.1925 (See same Articles, Vernon's Ann.Civ.St.); and since which time appellant has paid no franchise taxes, and such forfeiture is still outstanding against it.

By a concurrent resolution adopted by the Texas Legislature in May, 1941, appellant was authorized to institute suit to recover the $6,986.26 alleged to have been paid in excess of the amount due on June 5, 1928, or "to determine definitely and accurately what amount of taxes, penalties, and interest thereon, if any, had been theretofore illegally exacted of the Federal Crude Oil Company by the State of Texas and paid· to the State of Texas as franchise taxes, penalties, and interest thereon." The

resolution expressly stated that all facts recited therein must be proved in the trial of the matter in the court.

Two questions are presented for ·determination under the facts:

1. Was the Secretary of State authorized to exact and collect as a condition for revival of the Federal Crude Oil Company's right to do business and to sue in the courts of this State the annual franchise taxes and penalties for the years 1907 to 1929, in which it transacted no business other than as above stated after its right to do business had been forfeited for nonpayment of its franchise taxes in 1905?

2. Did appellant under the concurrent resolution have the right to institute this suit, because at the time the resolution was adopted and at the time appellant filed and prosecuted its suit its right to do business in Texas and its right to sue in the courts had been forfeited for failure to pay its franchise taxes for 1937, as above stated?'

■ The first question is settled against appellant by the Supreme Court in the case of Ross Amigos Oil Co. v. State, 134 Tex. 626, 138 S.W.2d 798, 801, wherein the Court says:

"The law undoubtedly levies a franchise tax against corporations such as this, regardless of whether or not they do business. This conclusion is fortified by the provision of Article 7095, which specifically provides that the Attorney General shall bring suit against any such corporation which may be or become subject to or liable for any franchise tax or penalty under this law. This liability for such franchise tax applies to all corporations required to pay same, regardless of the forfeiture by the Secretary of State of the right of such corporation to do business; and this liability continues so long as such corporation remains undissolved, or until its charter is forfeited by legal proceedings as required by law."

It is contended by appellant that this quoted portion of the decision of the Supreme Court is dictum, because the corporation whose right to do business was forfeited in that case actually continued to do business during the period for which the Secretary of State sought to collect the tax, and which the Supreme Court held it had the right to do; and that fact alone distinguishes it from the instant case where

appellant actually did no business after the forfeiture of its right to do business in 1905, until the right to do so was revived on June 5, 1928; and that therefore the Secretary of State had no right to demand and collect franchise taxes for the period appellant did no business; and in arguing to that point appellant contends that the right to do business is the matter which the statute taxes.

It is true that in the Amigos case the corporation continued to do business after its right to do so had been forfeited by the Secretary of State for failure to pay its franchise taxes, but the language quoted clearly shows that the Supreme Court construed the statutes in question as requiring every corporation chartered in this state to pay an annual franchise tax whether it did business or not. This is further evidenced by the fact that the court held that the forfeiture did not prohibit the corporation from continuing to do business, but only prohibited it from using the courts in which to bring suit to assert or defend its rights, except as stated in the statute; and that such provision was merely a method used by the legislature to enforce the franchise taxes imposed by the statute.

In the instant case, although its right to do business had been forfeited for failure to pay its franchise taxes, appellant had the right to continue to do business under its charter in this state; and in consequence and in order to revive its right to sue in the courts it was compelled to pay all delinquent taxes due up to the time of revival, under provision of the statutes and the decision of the Supreme Court in the Amigos case.

The contention of appellant to the effect that where a corporation does no business during the time its right to do so is forfeited for failure to pay its annual franchise tax, it owes no annual franchise tax for the period of forfeiture, is clearly untenable when viewed in the light of the rights which such corporation retains during the period of forfeiture and the rights which it secures by a revival of its right to do business. The corporation's right to do business is not forfeited, but only its right to sue or defend in the courts is forfeited or suspended during the forfeiture period. Nor is its charter or right to do business thereunder forfeited. When the right to sue or defend is revived by payment of the delinquent franchise taxes, penalties, and interest, as provided by the statute, the corporation's right, not only to sue upon or defend any cause of action which arose prior to the forfeiture period, is restored, but such revival also secures to the corporation the right to sue upon or defend any cause of action arising during the period of forfeiture. Federal Crude Oil Co. v. Yount-Lee Oil Co., 122 Tex. 21, 52 S.W.2d 56; Maloney Mercantile Co. v. Johnson County Sav. Bank, 56 Tex.Civ. App. 397, 121 S.W. 889; Real Estate, etc., Co. v. Dildy, Tex.Civ.App., 92 S.W.2d 318; Lyons v. Texorado Oil & Gas Co., Tex. Civ.App., 91 S.W.2d 375; the Amigos case, supra; and Vol. 3, p. 429, Hildebrand's Texas Corporations.

It may be here observed that appellant sought a revival of its right to do business in order that it might sue for property about to be lost or trespassed upon during the period of forfeiture of its right to do business. All of the aforementioned rights are secured to corporations by virtue of their charters, and the franchise tax is exacted for the privilege of doing business under the charter, and it is this privilege that is taxed, "regardless of whether or not they do business," and "this liability for such franchise tax applies to all corporations required to pay same, regardless of the forfeiture by the Secretary of State of the right of such corporation to do business; and this liability continues so long as such corporation remains undissolved, or until its charter is forfeited by legal proceedings as required by law." The Amigos case.

Our above conclusion that appellant has no right to recover the taxes paid under protest disposes of the case, and the decision of Point "2" is but an additional ground for not disturbing the judgment of the trial court, which need not be discussed at length. Suffice it to say that we are also of the view that appellant cannot maintain this suit, because its right to do business or to sue in the courts was forfeited for failure to pay its franchise tax for the year 1937, and which forfeiture was still outstanding when the suit was filed and prosecuted by appellant. Its contention that the legislature by the enactment of the resolution authorizing it to bring this suit waived the State's rights in that regard is without merit. No language

of the resolution, either expressly or impliedly, authorized appellant to bring this suit without a revival of its right to do so in the manner provided by Art. 7092. The ultimate effect of the contention of appellant is that the resolution had for its purpose the waiving of the provisions and requirements of this statute as to appellant, thereby destroying a most effective means whereby the State might collect the large amount of delinquent franchise taxes, penalties, and interest due by appellant since 1937. We think that no such purpose or intention should or can be attributed to the legislature, and especially so in absence of express language of the resolution to that effect.

The judgment of the trial court is affirmed.

Affirmed.