**Lawson Fulton DAVIS, Appellant,**

v.

**B. E. & K., INC., Appellee.**

No. 5401.

Court of Civil Appeals of Texas, Eastland.

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Russell McMains, Edwards & Perry, Corpus Christi, for appellant.

David J. Dunn, Dyer & Redford, Corpus Christi, for appellee.

RALEIGH BROWN, Justice.

This summary judgment case presents the narrow question of whether a foreign corporation which was doing business in Texas at the time a cause of action arose remains present within the state merely by maintaining a registered agent here, and thereby avoids the tolling of limitations under Tex.Rev.Civ.Stat.Ann. art. 5537.[1]

Lawson F. Davis filed suit on May 23, 1977, against B. E. & K., Incorporated, a Delaware Corporation, alleging that he suffered personal injuries as a result of B. E. & K.'s negligence. Davis contends that B. E. & K., the "contract manager" of a construction project in San Patricio County on which Davis was employed, was negligent

---

1. Article 5537 provides:

If any person against whom there shall be cause of action shall be without the limits of this State at the time of the accruing of such action, or at any time during which the same might have been maintained, the person entitled to such action shall be at liberty to bring the same against such person after his return to the State and the time of such person's absence shall not be accounted or taken as a part of the time limited by any provision of this title.

in failing to acquire proper scaffolding for use on the project. He also alleged that this negligence was the proximate cause of injuries he received when he fell from the inadequate scaffolding. Davis' petition was filed two years and sixty-three days after the date of his alleged injury.

B. E. & K. filed a motion for summary judgment urging that Davis' cause of action was barred by the two-year statute of limitations. Tex.Rev.Civ.Stat.Ann. art. 5526 (1958).[2] Davis contested the motion contending that his action was not barred because B. E. & K. had not been present within the state for a full two years after the accident.

He argues that by virtue of Article 5537 limitations were tolled and his suit was timely filed. The court granted B. E. & K.'s motion for summary judgment. Davis appeals. We affirm.

Davis' only point on appeal is that B. E. & K.'s summary judgment evidence was not sufficient to prove as a matter of law that B. E. & K. was present within the state for a full two years after the alleged accident, and thereby failed to establish conclusively the bar of limitations. We disagree.

The court in *Zale Corporation v. Rosenbaum,* 520 S.W.2d 889, 891 (Tex.1975) said:

> When summary judgment is sought on the basis that limitations have expired, it is the movant's burden to conclusively establish the bar of limitations. Where the non-movant interposes a suspension statute, such as Article 5537, or pleads diligence in requesting issuance of citation, the limitation defense is not conclusively established until the movant meets his burden of negating the applicability of these issues. *Oram v. General American Oil Co.,* 513 S.W.2d 533 (Tex.1974).

Davis relies upon *Vaughn v. Deitz,* 430 S.W.2d 487 (Tex.1968), where our Supreme Court held that the "tolling statute," Article 5537, applied even though substituted

service was available under the "long arm statute," Article 2039a. The Supreme Court held that the defendants were not "present" within the state even though substituted service was available through the Chairman of the State Highway Commission. That case is not applicable. B. E. & K. is not merely amenable to service by virtue of one of the long arm statutes. It maintains an authorized agent for service within this state. Such a defendant is not "without the limits of this State" within the meaning of the tolling statute.

B. E. & K. established by its summary judgment proof that it maintained an agent, for service, in Texas upon whom service of process could be had for at least two full years subsequent to the alleged accident. Therefore, for purposes of Article 5537, B. E. & K. conclusively established that it was present within the state, and that Davis' cause of action was barred by limitations.

The judgment of the trial court is affirmed.

---

**2.** Article 5526 provides in part:

There shall be commenced and prosecuted within two years after the cause of action shall have accrued, and not afterward, all actions or suits in court of the following description:

\* \* \* \* \* \*

4. Action for injury done to the person of another.