**William N. JONES, Appellant,**

v.

**Paul HUFFAKER, et ux, Appellees.**

**No. 09 85 003 CV.**

Court of Appeals of Texas, Beaumont.

Dec. 19, 1985.

Rex W. Clemons, Houston, for appellant.

Charles W. Boyd, Conroe, for appellees.

OPINION

BURGESS, Justice.

This case involves a dispute over a contract to purchase a residence in Conroe, Texas. In August, 1976, Paul Huffaker and William N. Jones entered into an agreement by which Huffaker was to rent the property until the terms of the sale

could be agreed upon. Huffaker's family resided in the house while he remained most of the time in Venezuela. In December 1976, the parties entered into an earnest money contract for the sale of the house requiring a $29,000.00 down payment. The dispute arose when several months later, Huffaker delivered as down payment to Jones three Venezuelan "Giros" for the sum of 43,000 Bolivares each (The equivalent of $10,000 U.S. currency each) and requested conveyance of the property.[1] Jones refused to convey the property until payment was obtained on the "Giros". Huffaker ceased making the monthly rental payments in September 1977, and thereafter in December 1977, Jones declared the earnest money contract to be in default and demanded that the Huffakers vacate the premises. On December 28, 1977, Huffaker filed suit seeking specific performance of the earnest money contract and in the alternative, for refund of sums paid pursuant to the contract. However, service of citation was not obtained on Jones until February 8, 1984. Jones pleaded that limitations barred Huffaker's claims. The case was tried before a jury which found that Jones should refund $12,000.00 to Huffaker. The trial court denied Jones' motion for judgment n.o.v. based on limitations and entered judgment for Huffaker on the jury verdict.

Jones appeals the trial court's judgment on three points of error based on his limitations defense. The principal question before this court is whether Jones established his defense of limitations as a matter of law.

■ *TEX.REV.CIV.STAT.ANN.* art. *5531,* (Vernon 1958), provides that an action for the specific performance of a contract for the conveyance of real estate shall be commenced within four years after the cause of action shall have accrued. Similarly, *TEX.REV.CIV.STAT.ANN.* arts. *5527, 5529* (Vernon Supp.1985) require actions for debt and other actions for which no limitation is prescribed to be brought within four years of the accrual of the

cause of action. It is also well established Texas law that the mere filing of a suit will not interrupt or toll running of a statute of limitations and that to interrupt the statute, the use of diligence in procuring the issuance and service of citation is required. *Rigo Manufacturing Company v. Thomas,* 458 S.W.2d 180, 182 (Tex.1970).

The record discloses that Jones was a resident of Venezuela until mid-December 1983. Jones and Huffaker were both in the oil field business in Venezuela although working for separate companies. The earnest money contract was entered into while both parties were in Venezuela. Jones and Huffaker both testified that during 1978 Jones sought to collect on the "giros" through the Venezuelan legal process and that in June, 1978, an attempted seizure of Huffaker's property took place in Venezuela.[2] Both parties had contact with each other in Venezuela and tried to settle this transaction at various times. Jones further testified that while in Venezuela, Huffaker "wasn't fifteen minutes" away from him. This testimony is undisputed. Plaintiff's counsel testified citation was issued upon filing the suit, but later expired. Citation was not renewed until January, 1984. No citation by publication or substituted service was ever attempted. Huffaker made no attempt to serve Jones in Venezuela even though the record showed that Huffaker's counsel was furnished with a list of Venezuelan attorneys who would be of assistance in effecting service on Jones.

Jones has shown that a period of more than six years passed between the time Huffaker's original petition was filed and the time citation was served. The undisputed evidence reveals a delay of approximately twenty-five months after expiration of the limitations period before service was completed. The record is devoid of any evidence or circumstances justifying a delay of this kind. Our courts have consistently held even shorter times to establish lack of diligence as a matter of law. *Rigo Manufacturing Company v. Thomas, su-*

---

1. A "Giro" is the Venezuelan equivalent of our bill of exchange payable without protest.

2. This proceeding to collect the "giros" took place under Venezuelan law.

*pra,* (17 ½ months); *Hamilton v. Goodson,* 578 S.W.2d 448 (Tex.Civ.App.—Houston [1st Dist.] 1979, no writ) (6 ½ months); *Williams v. Houston—Citizens Bank and Trust Company,* 531 S.W.2d 434 (Tex.Civ. App.—Houston [14th Dist.] 1975, writ ref'd n.r.e.) (7 ⅔ months); *Buie v. Couch,* 126 S.W.2d 565 (Tex.Civ.App.—Waco 1939, writ ref'd) (8 ⅓ months).

*Rigo Manufacturing Company v. Thomas, supra,* and *Buie v. Couch, supra,* are applicable here and are illustrative of the failure as a matter of law, to exercise diligence in order to avoid the bar band on the statute of limitations. In the above cited cases, there were delays of many months in properly serving the defendant. Information indicating the lack of effective service was readily available to the plaintiffs' attorneys but was ignored. An ineffective initial attempt was made to obtain service, followed by months of inaction. In each case, the court concluded there was a lack of diligence as a matter of law in obtaining service, and the suits were barred by limitations.

A similar fact situation is present in this case. The Huffakers timely filed suit one month after their cause of action accrued, requested service on Jones and then did nothing for more than six years. Under those facts, this suit is barred by the statute of limitations as a matter of law. The fact that Jones was a resident of Venezuela does not aid Huffaker in this case. The burden of pleading and proving absence from the state to avoid the running of limitations is upon Huffaker. *Wise v. Anderson,* 163 Tex. 608, 359 S.W.2d 876 (1962). Huffaker failed to plead any tolling provision or request any issues based thereon. Points of error one and three are sustained. Point of error number two is not reached.

We reverse the judgment of the trial court and render judgment that appellees take nothing.

REVERSED AND RENDERED.