## G. RICHARD GOINS CONSTRUCTION COMPANY, INC., Appellant,

v.

## S.B. McLAUGHLIN ASSOCIATES,INC., Appellee.

No. 12–94–00361–CV.

Court of Appeals of Texas, Tyler.

May 31, 1996.

Rehearing Overruled Aug. 9, 1996.

T. Wesley Holmes, Donovan Campbell, Jr., Dallas, for appellant.

Luke Madole, Dallas, for appellee.

Before RAMEY, C.J., and HOLCOMB and HADDEN, JJ.

HOLCOMB, Justice.

This is an appeal from the trial court's judgment that Appellant, G. Richard Goins Construction Co., Inc. ("GCC" or "Appellant"), take nothing from S.B. McLaughlin Associates, Inc. ("SBMA"). We will **affirm in part, modify in part, and reverse and render in part.**

SBMA is the owner and developer of the Pinnacle Club, a planned residential community located in Henderson County, Texas. On January 13, 1986, SBMA sold Lot 75 in the Pinnacle Club to GCC. A dispute arose between SBMA and GCC regarding SBMA's obligations to develop the Pinnacle Club. On September 19, 1989, GCC brought suit against SBMA.[1] In its petition, GCC alleged that SBMA violated the Texas Deceptive Trade Practices Act[2] ("DTPA"). SBMA responded, asserting, *inter alia,* the affirmative defenses of limitations and waiver.

At trial, the jury found that SBMA knowingly violated the DTPA, and that such violation was the producing cause of $174,000 in actual damages to GCC. However, the jury also found that GCC discovered, or should have discovered, SBMA's DTPA violations on July 30, 1986. Further, the jury found that

---

1. Other parties plaintiff participated in the trial, but only GCC appeals the judgment. GCC and the other plaintiffs also sued SBMA's principals. However, GCC only appeals the judgment with regard to SBMA.

2. TEX. BUS. & COM.CODE ANN. § 17.42 *et seq.* (Vernon 1987). Although the plaintiffs below asserted numerous theories of liability, GCC only appeals the trial court's judgment relating to its DTPA causes of action.

GCC waived its right to complain of SBMA's conduct. The trial court rendered judgment that GCC take nothing by way of its suit against SBMA. The court's judgment does not indicate which of SBMA's affirmative defenses it found to be dispositive of the case.

GCC presents nine points of error, claiming that the trial court erred in rendering a take-nothing judgment, regardless of whether the court based its judgment on limitations or waiver.

SBMA has assigned cross-points alleging that the trial court erred in denying SBMA recovery of its attorney's fees and costs, and in keeping an agreed temporary injunction alive past entry of final judgment.

The judgment of a trial court "shall conform to the pleadings, the nature of the case proved and the verdict, if any, and shall be so framed as to give the party all the relief to which he may be entitled either in law or equity." Tex.R. Civ. P. 301. If a judgment states that it was granted on the verdict without stating the specific grounds, a reviewing court will affirm the judgment on any appropriate ground. Where a court could have based its "take-nothing" judgment on either of two affirmative defenses, the appellate court will affirm the judgment if the court could have properly rendered the judgment on either affirmative defense. *McKelvy v. Barber*, 381 S.W.2d 59, 61–62 (Tex.1964) (noting similar rule for instructed verdict).

In its first, second, and third points of error, GCC contends that, as a matter of law, GCC could not have waived its DTPA cause of action. Therefore, GCC claims that the trial court erred in submitting a jury question on waiver and erred in failing to disregard the jury's answer to the waiver issue. In the alternative, GCC challenges the legal sufficiency of the evidence to support the jury's finding of waiver. We agree.

Section 17.42 of the DTPA provides that any waiver by a consumer of the provisions of the DTPA is contrary to public policy and is unenforceable and void. Tex. Bus. & Com.Code Ann. § 17.42 (Vernon Supp. 1990). This anti-waiver provision of the DTPA applies to both waiver occurring during a transaction and post-transaction waiver by conduct. *Poe v. Hutchins*, 737 S.W.2d 574, 580 (Tex.App.—Dallas 1987, writ ref'd n.r.e.).

Because the DTPA precluded waiver of a cause of action by a consumer, we will sustain points of error one through three. However, because the trial court could properly have based its judgment on SBMA's limitation defense, our consideration of points four through eight is dispositive of this case.

In its fourth and fifth points of error, Appellant maintains that the trial court erred in rendering judgment on SBMA's limitations defense. Specifically, Appellant states that SBMA had forfeited its right to do business in Texas and its certificate of authority to do business in the state. Therefore, Appellant reasons that the law denies SBMA the right to assert any defenses to an action filed during the period of forfeiture. We disagree.

It is undisputed that SBMA failed to pay franchise taxes. As a result, SBMA forfeited its right to do business in Texas on June 12, 1987, and forfeited its certificate of authority to do business in the state on January 18, 1988. GCC filed suit on September 19, 1989. On February 8, 1991, SBMA filed an Application for Reinstatement and Request to Set Aside Forfeiture. At such time, SBMA also paid the appropriate taxes to the Secretary of State of Texas.

"No foreign corporation shall have the right to transact business in this State until it shall have procured a certificate of authority to do so from the Secretary of State." Tex. Bus. Corp. Act Ann. art. 8.01 (Vernon 1980). The Secretary may revoke a foreign corporation's certificate of authority when such corporation fails "to pay any fees, franchise taxes, or penalties prescribed by law." Tex. Bus. Corp. Act Ann. art. 8.16(B)(1). Similarly, "the comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation" fails to pay its assessed franchise tax. Tex. Tax Code Ann. § 171.251(2) (Vernon 1992 and Supp.1996). Upon forfeiture of corporate privileges, "the corporation

shall be denied the right to sue or defend in a court of this state." Tex. Tax Code Ann. § 171.252(1).

■ The Tax Code provision denying a delinquent corporation the right to sue or defend in state courts is a revenue measure. *Real Estate–Land Title Trust Co. v. Dildy*, 92 S.W.2d 318, 322 (Tex.Civ.App.—Austin 1936, writ ref'd). The purpose of the statute is to enforce collection of state franchise taxes. *Id.* at 321. Once a corporation pays its delinquent taxes, the corporation's disability is removed, and the corporation may sue and defend in Texas state courts. *Id.* Once the right to sue or defend is revived, the corporation may sue or defend all causes of action, regardless of whether such causes arose before or during the period of forfeiture. *Federal Crude Oil Co. v. State*, 169 S.W.2d 283, 285 (Tex.Civ.App.—Austin, writ ref'd), *cert. denied*, 320 U.S. 758, 64 S.Ct. 66, 88 L.Ed. 452 (1943).

■ Upon SBMA's payment of the requisite fee to reinstate its corporate privileges, SBMA could properly assert any and all defenses to GCC's claims. It is irrelevant that GCC filed suit during the period in which the comptroller had forfeited SBMA's corporate privileges. SBMA's payment of the reinstatement fee restored its ability to assert defenses in state courts. Once such ability was restored, SBMA was able to assert any defenses, including limitations, as if the disability had never existed.

We decline to hold, as urged by Appellant, that "a corporate defendant may not rely on limitations as a defense if, when the suit is filed, the corporation has forfeited the right to do business and to defend itself in the courts of this state." The Legislature did not intend to punish delinquent corporations, but to encourage the payment of taxes. The legislative purpose is better served by allowing corporations to pay delinquent taxes and regain their corporate privileges. To hold otherwise would discourage delinquent corporations from reinstating at all, as reinstatement would serve no purpose. Instead, we *hold* that SBMA's payment of the reinstatement fee revived its corporate privileges, and SBMA was entitled to assert the defense of limitations, even though GCC filed suit during the period of SBMA's disability.

We therefore overrule Appellant's fourth and fifth points of error.

In its sixth and seventh points of error, Appellant maintains that the trial court erred in rendering judgment on SBMA's limitations defense because SBMA was absent from the State of Texas for a period of at least 27 months, and that limitations did not run during SBMA's absence. Appellant contends its action was not barred by the two-year statute of limitations because SBMA was absent from the state two years after GCC's cause of action accrued. We disagree.

The jury found that GCC knew or should have known of its claims against SBMA on July 30, 1986. GCC filed this lawsuit on September 19, 1989, three years and fifty-one days after its cause of action accrued. Unless a tolling provision applies, GCC's claims against SBMA were barred by the DTPA's two-year statute of limitations.

■ "The absence from this state of a person against whom a cause of action may be maintained suspends the running of the applicable statute of limitations for the period of the person's absence." Tex. Civ. Prac. & Rem.Code Ann. § 16.063 (Vernon 1986). However, a defendant that maintains a registered agent for service of process within the state is not absent from the state for purposes of section 16.063. *Davis v. B.E. & K., Inc.*, 595 S.W.2d 895, 896 (Tex.Civ.App.—Eastland 1980, writ ref'd n.r.e.) (applying Tex.Rev.Civ. Stat. Ann. art. 5537, subsequently codified at Tex. Civ. Prac. & Rem. Code Ann. § 16.063).

■ The record reflects that at all times relevant to Appellant's cause of action SBMA maintained a registered agent for service of process in Texas. On December 6, 1985, SBMA designated CT Corporation System as its registered agent. Appellant's cause of action accrued on July 30, 1986. SBMA continued the designation of CT Corporation as its registered agent until it changed such designation in August of 1992. CT Corporation served as SBMA's registered agent for six full years after the accrual of Appellant's cause of action. For purposes of section

16.063, SBMA was present in the state of Texas for at least two full years from the accrual of Appellant's cause of action. We therefore overrule Appellant's sixth and seventh points of error.

In its eighth point of error, Appellant claims that the trial court erred by rendering a take-nothing judgment based on SBMA's limitations defense because the jury's answer to Question 164 negated SBMA's limitations defense. We disagree.

Appellant did not affirmatively plead that SBMA's absence from the state tolled the running of the statute of limitations. At trial, Appellant requested and the court submitted for the jury's deliberation the following question:

> State in months (including fractions if appropriate) the amount of time from January 1, 1985 until September 19, 1989 that each of the following defendants was absent from the state of Texas.

SBMA *27 months*

The court's charge did not contain an instruction on the meaning of the statutory term, "absence from the state."

 The burden of pleading and proving absence from the state to avoid the running of the statute of limitations is upon the person seeking to avoid the bar of limitations, generally the plaintiff. *Wise v. Anderson,* 163 Tex. 608, 613, 359 S.W.2d 876, 880 (1962); *Jones v. Huffaker,* 701 S.W.2d 935, 937 (Tex.App.—Beaumont 1985, no writ). The plaintiff must plead any tolling provision and request appropriate jury questions based thereon. *Jones,* 701 S.W.2d at 937. The plaintiff must tender such questions with proper definitions and instructions so that the jury knows what constitutes absence from the state. *See Spencer v. Eagle Star Insurance Co.,* 876 S.W.2d 154, 157 (Tex.1994). Such party's burden is not simply to introduce proof that the Defendant left the state, but that he was absent from the state for a sufficient period to toll the statute. *Wise,* 359 S.W.2d at 880. A jury question regarding a defendant's absence from the state must fix such absence within the period between the time plaintiff's cause of action

accrues and the time suit is filed. *Hooper v. Torres,* 790 S.W.2d 757, 758 (Tex.App.-El Paso 1990, writ denied). Failure to correctly fix the defendant's absence results in a meaningless answer. *Id.* A court may disregard a meaningless answer as immaterial where such answer is not grounds for rendering judgment. *Estate of Lee v. Continental Trailways,* 564 S.W.2d 392, 395 (Tex.Civ. App.—Dallas 1978, writ ref'd n.r.e.).

 In the present case, Appellant, as the party seeking to avoid the bar of limitations, had the burden of pleading, proving, and requesting proper jury questions, instructions, and definitions. Appellant requested a jury question on SBMA's absence from the state. Appellant did not request that the court submit an instruction or definition to inform the jury of the specific meaning of "absence from the state." The jury determined that SBMA had been absent from the State of Texas for a period of 27 months from January 1, 1985 through September 19, 1989. However, because GCC's cause of action did not accrue until July 30, 1986, GCC failed to obtain a meaningful finding regarding SBMA's absence from the state. SBMA could have been absent for 27 months during the period specified in the requested issue and still have been present in the state for a period of two years from the date Appellant's cause of action accrued to the date Appellant filed its petition.

Further, without a definition of "absence from the state" to guide the jury, Question 164 was improper. Question 164 allowed the jury to find that SBMA was absent from the state based on forfeiture of its corporate privileges as urged by Appellant. Requested without definition and guidance, Question 164 was clearly improper, and the trial court correctly disregarded the question and the jury's answer as immaterial.

We therefore overrule point of error number eight.

In point of error nine, Appellant broadly complains that the trial court erred by refusing to render judgment for GCC against SBMA. Having found no reversible error in Appellant's points of error one through eight, we overrule Appellant's ninth point of error.

In its first cross-point, SBMA claims that it, as the prevailing party in the litigation, was entitled to recover court costs and attorney's fees from GCC pursuant to the terms of the parties' agreement. We agree.

As noted above, SBMA sold lot 75 in the Pinnacle Club to GCC. Paragraph 16 of the earnest money contract provided in relevant part, "[a]ny signatory to this contract, ... who is the prevailing party in any legal proceeding brought under or with relation to this contract or transaction shall be additionally entitled to recover court costs and reasonable attorney fees from the non-prevailing party." At trial, the jury found that SBMA incurred $50,000 in reasonable attorney's fees in defending against GCC's claims.

 As a general rule, a prevailing party is not entitled to recover his attorney's fees from his adversary. *Turner v. Turner*, 385 S.W.2d 230, 233 (Tex.1964). However, parties to a contract may provide by agreement that the prevailing party is entitled to recover attorney's fees. *Weng Enterprises v. Embassy World Travel*, 837 S.W.2d 217, 222–23 (Tex.App.—Houston [1st Dist.] 1992, no writ). The "prevailing party" is the party who successfully defends against the action on the main issue. *Id.* at 223.

 In the present case, GCC brought a DTPA action against SBMA for SBMA's actions in the sale and development of the Pinnacle Club. However, SBMA prevailed in the litigation by successfully asserting the defense of limitations. The trial court rendered a take-nothing judgment against GCC. Thus, by the parties' agreement, SBMA was entitled to attorney's fees as the prevailing party. At trial, the jury found that SBMA incurred reasonable attorney's fees in the amount of $50,000 in connection with its defense of claims asserted by GCC. We therefore sustain SBMA's first cross-point and hold that the trial court erred in denying SBMA recovery of its attorney's fees.

In its second cross-point of error, SBMA alleges that the trial court erred in extending an agreed temporary injunction past entry of final judgment. We agree.

The trial court's final judgment ordered in relevant part:

That the Agreed Order made in open court herein on August 25, 1992 and further memorialized in an Agreed Order signed herein on March 10, 1993 are [sic] set aside and held for naught, same expiring upon this judgment becoming final.

 The purpose of a temporary injunction is to preserve the status quo of the subject matter of the litigation pending a final trial of the case on its merits. *Transport Co. of Texas v. Robertson Transports, Inc.*, 152 Tex. 551, 261 S.W.2d 549, 552 (1953). A temporary injunction remains in force only until the court renders a final judgment. *Independent American Real Estate, Inc. v. Davis*, 735 S.W.2d 256, 261 (Tex. App.—Dallas 1987, no writ). Therefore, the temporary injunction expires upon entry of the final judgment. *Id.*

 In the instant case, the trial court was without authority to extend the agreed temporary injunction past entry of judgment. Once the trial court rendered judgment, the temporary injunction should have terminated. It was error to extend the injunction until the judgment became final. Therefore, we sustain SBMA's second cross-point.

We reverse the judgment of the trial court only to the extent that it failed to award SBMA attorney's fees, and therefore, we render judgment that SBMA recover $50,000 in attorney's fees from GCC. Additionally, we reform the trial court's judgment to reflect that "the Agreed Order made in open court on August 25, 1992 and memorialized in an Agreed Order on March 10, 1993 is set aside, same expiring upon entry of final judgment in this cause." The remainder of the trial court's judgment is **affirmed.**