**Opinion issued May 16, 2017**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NO. 01-15-01046-CV

_____

### CARLA THOMAS AND EUGENE THOMAS, Appellants

### V.

### CALIFORNIA GOLDEN COAST, LLC, Appellee

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1008525**

---

## MEMORANDUM OPINION

This case arises out of the breach of a commercial landlord-tenant agreement. After a jury awarded the landlord, California Golden Coast, LLC, damages for breach of contract and attorney's fees against the tenants, Carla and Eugene Thomas, the Thomases appealed contending that (1) California Golden

Coast is not entitled to damages because it did not legally exist at the time the damages accrued; (2) all of the damages accrued outside their applicable limitations periods; (3) the damages awarded by the jury are inconsistent with the evidence presented at trial; and (4) California Golden Coast is not entitled to recover attorney's fees because it did not present such claim before filing suit. We affirm.

## BACKGROUND

Carla and Eugene Thomas operated a child-care facility, EC Learning Academy, which was located in a commercial strip center on Veterans Memorial Boulevard in Houston, Texas. The original lease was between the Thomases[1] and Nguyen Hoang Anh Corporation and provided that the lease would run from September 2003 through August 2008.

The strip center was sold several times, and California Golden Coast became the property owner in October 2006. California Golden Coast could not and did not change the baseline rental fee. However, it did increase the Common Area Maintenance ["CAM"] fee[2] charged each month. Unhappy with the CAM fee

---

[1] The lessee was Carla Thomas, and Eugene Thomas acted as guarantor.

[2] The CAM fee included increases in taxes, insurance, and maintenance charges.

2

increases, the Thomases declined to extend their lease, which ended in August 2008.[3]

In July 2008, just before the termination of lease, California Golden Coast forfeited its corporate charter by failing to pay franchise taxes. California Golden Coast's corporate privileges were reinstated on May 15, 2009.

On February 2, 2010, counsel for California Golden Coast (and original lessor, Nguyen Hoang Anh Corporation) sent a demand letter to the Thomases on behalf of Nguyen Hoang Anh Corporation, seeking payment of "unpaid rentals and damages." The letter also provided, "In the event of litigation, my client will seek attorney[']s fees under Texas Civil Practice Remedies Code Chapter 38 and under [the provisions of the lease agreement]."

Unable to resolve their dispute with the Thomases, in 2010, Nguyen Hoang Ahn Corporation, the original leaseholder, filed suit against them in the 295th District Court of Harris County. Nguyen Hoang Ahn Corporation voluntarily dismissed this suit on January 20, 2012. This is not in the record on appeal, but neither party disputes it, and it is a matter of public record.

---

[3] The Thomases admit that they were unable to vacate the premises by the end of August 2008, and that they "use[ed] a few extra days over Labor Day weekend in early September to clean out some remaining items that belonged to their child-care operation."

Approximately two weeks later, on January 30, 2012, California Golden Coast filed the present suit against the Thomases in Harris County Civil Court at Law No. 4, asserting the same claims made in the previous lawsuit.

In September 2015, the case was tried to a jury. Four questions were presented to the jury: (1) did the parties have an agreement, (2) did the Thomases breach that agreement, (3) what sum of money would compensate California Golden Coast for that breach, including loss of the rent, late charges, CAM fees, and damages causes by removal or destruction of property, and (4) attorney's fees.

The jury returned a verdict on these questions awarding California Golden Coast, $0 in unpaid rent, $0 in late charges, $7250 in CAM fees, $3150 in property damage, and $4500 in attorney's fees. The trial court signed a final judgment based on the jury verdict, and this appeal followed.

## RIGHT TO SUE FOR DAMAGES ACCRUING WHILE CORPORATE CHARTER WAS FORFEITED

In their first issue, the Thomases contend that:

Appellee, which is a corporation, did not legally exist during any period when recoverable damages allegedly accrued, and there was never any legally or factually sufficient evidence to establish that Appellee ever acquired a right to sue for damages that allegedly arose during that period of time.

Essentially, the Thomases argue that, because California Golden Coast's damages accrued while their corporate charter was forfeited, it has no right to sue to collect those damages. We disagree.

4

It is true that "[t]he comptroller shall forfeit the corporate privileges of a corporation on which the franchise tax is imposed if the corporation" fails to pay its assessed franchise tax, and that upon forfeiture of corporate privileges, "the corporation shall be denied the right to sue or defend in a court of this state." TEX. TAX CODE ANN. §§ 171.251(2), 171.252(1) (West 2015). However, once a corporation pays its delinquent taxes, the corporation's disability is removed, and the corporation may sue and defend in Texas state courts. *G. Richard Goins Constr. Co., Inc. v. S.B. McLaughlin Assocs, Inc.*, 930 S.W.2d 124, 128 (Tex. App.—Houston [14th Dist.] 1996, writ denied). Once the right to sue or defend is revived, the corporation may sue or defend all causes of action, *regardless of whether such causes arose before or during the period of forfeiture. Id.* (emphasis added); *Federal Crude Oil Co. v. State*, 169 S.W.2d 283, 285 (Tex. Civ. App.—Austin 1943, writ ref'd).

Here, California Golden Coast forfeited its charter in July 2008, and it corporate privileges were reinstated on May 15, 2009, before suit was filed. Because California Golden Coast revived its corporate charter, it is "as if the disability had never existed." *See Marshall Feature Recognition, LLC v. Pepsi-Cola Co.*, No. 6:12-cv-00956-JRG-RSP, 2015 WL 5912672, at *2 (E.D. Tex. Sept. 27, 2015) (quoting *G. Richard Goins*, 930 S.W.2d at 128). It makes no matter that

California Golden Coast's cause of action arose while its corporate privileges were forfeited.

Accordingly, we overrule the Thomases' first issue on appeal.

## STATUTE OF LIMITATIONS

In issues two and three, the Thomases complain as follows about issues related to the statute of limitations:[4]

> The trial court improperly allowed the jury to consider matters of damages that indisputably occurred outside the limitations periods relevant to Appellee's claims for relief.

> There was no legally or factually sufficient evidence that appellant's breached any contractual agreement with Appellee during the applicable limitations period.

To answer the first issue listed above would require this Court to determine "the limitations periods relevant to Appellee's claims for relief" before determining whether the trial court improperly allowed the jury consider certain evidence. And, to answer the second issue above, this Court would have to determine "the applicable limitations period" before deciding whether there was legally and

---

[4] The parties agree that the four-year statute of limitations applies to contracts, thus all causes of action must have accrued four years before California Golden Coast filed its suit, i.e. on January 30, 2008. Now, however, the Thomases argue that the two-year statute of limitations applies to California Golden Coasts' claim for property damage. However, as is clear from the charge, property damage was submitted as a damage element of California Golden Coasts' breach-of-contract claim, and the Thomases never mentioned a two-year limitation until the charge conference, at which time the trial court refused to consider it. The Thomases do not complain about the jury charge as submitted. Thus, our discussion of these issues will address the limitations period applicable to a breach of contract.

factually sufficient evidence. Essentially, the Thomases are asking this Court to determine when California Golden Coast's cause of action accrued before reaching the evidentiary issues raised in these points. It is improper to ask this Court to do so now.

The statute of limitations is an affirmative defense, and a defendant bears the burden to plead, prove, and secure findings to support its affirmative defense. *Holland v. Lovelace*, 352 S.W.3d 777, 788 (Tex. App.—Dallas 2011, pet. denied). This burden includes establishing when the plaintiff's cause of action accrued. *Id.* If the jury is not asked to determine when the cause of action accrued for purposes of supporting a limitations defense, the defense is waived unless the date of accrual was conclusively established under the evidence. *Id.*

Here, the Thomases did not obtain jury findings regarding the accrual dates California Golden Coast's claim. *See id.* Nor did they conclusively establish those accrual dates.[5] Therefore, we will not consider those issues that would require this Court to determine the accrual date of California Golden Coast's cause of action.

---

[5] The Thomases contend that, even though there was a "2007 CAM ADJUSTMENT" charge entered on 04/01/2008, such charge was "necessarily outside the limitations period that did not begin until January 30, 2008." California Golden Coast, however, argues that the cause of action for this charge accrued when the charge was made on 04/01/2008. The jury was not asked to determine when this cause of action arose, and the evidence did not establish it as a matter of law.

And, any property damage, as admitted by the Thomases, occurred when they vacated the premises in August 2008, well within the four-year limitations period

Accordingly, we overrule issue two and three.

## SUFFICIENCY OF EVIDENCE TO SUPPORT DAMAGES AWARDED

In issue four, the Thomases contend:

The jury's monetary damage figures were not supported by any legally or factually sufficient evidence; indeed such figures are wholly inconsistent with any damage requests made by Appellee itself.

The Thomases assert that the evidence is insufficient[6] to support the award of $7250 in CAM fees and $3150 in property damage as elements of breach of contract. Specifically, they argue that "monetary figures within a final judgment must correspond directly to the evidence," and that the damages awarded did not match any amount requested by California Golden Coast. We disagree.

Under Texas law, "whether to award damages and how much is uniquely within the factfinder's discretion." *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 772 (Tex. 2003), *MEMC Pasadena, Inc. v. Riddle Power, LLC*, 472 S.W.3d 379, 408 (Tex. App.—Houston [14th Dist.] 2015, no pet.) A jury has broad discretion to award damages within the range of evidence presented at trial. *MEMC Pasadena*, 472 S.W.3d at 408; *City of Houston v. Harris Cty. Outdoor Advert.*

___

for breach of contract. So, even if conclusively established, it is established against the Thomases, who now attempt to argue for application of a two-year limitations period.

[6]    Although the Thomases claim that the evidence on damages is legally and factually insufficient, they did not file a motion for new trial claiming such. Therefore, they waived their factual sufficiency claim, and we address only their legal sufficiency claim. *See* TEX. R. CIV. P. 324(b)(2).

8

*Ass'n*, 879 S.W.2d 322, 334 (Tex. App.—Houston [14th Dist.] 1994, writ denied). There is no requirement that the evidence show precisely how the jury arrived at the specific amount awarded. *MEMC Pasadena*, 472 S.W.3d at 408; *see Mayberry v. Texas Dep't of Agric.*, 948 S.W.2d 312, 317 (Tex. App.—Austin 1997, writ denied). A jury is "not tied to awarding damages exactly as requested by the injured party," and it does not have to rely solely on an expert's opinion in calculating damages. *MEMC Pasadena*, 472 S.W.3d at 408 (quoting *Bayer Corp. v. DX Terminals, Ltd.*, 214 S.W.3d 586, 606 (Tex. App.—Houston [14th Dist.] 2006, pet. denied)). However, a jury must have an evidentiary basis for its findings. *Salinas v. Rafati*, 948, S.W.2d 286, 289 (Tex. 1997); *MEMC Pasadena*, 472 S.W.3d at 408;

Here, there was evidence that the 2006 CAM adjustment was $3277.85 for a three-month period, which the Thomases paid.[7] The 2007 CAM adjustment was $18,849.86 for a full 12-month period, which California Golden Coast supported by providing a document entitled "2007 CAM, Tax, and Insurance Reconciliation" that broke the CAM expenses down into categories such as administrative, contract services, repairs and maintenance, and property taxes. California Golden Coast's representative explained that much of the increase was attributable to higher

---

[7] Had the 2006 CAM adjustment been for a full year, like the 2007 CAM adjustment was, one would assume that it would have been approximately $13,000.

9

property taxes. Nevertheless, the jury awarded California Golden Coast only $7250 of the $18,849.86 it requested. Although we cannot determine precisely how the jury arrived at this amount, it does have an evidentiary basis in the record.

Similarly, California Golden Coast requested $25,000 for damage to the property. There was evidence that toilets and sinks had been removed from the premises, along with exit signs, carpet, and a hot water heater. Paint had also been applied to the walls to cover the Thomases' logo, and trash was left on the premises. While the Thomases admitted removing the toilets, sinks, and carpet, they contended that they did not cause any of the other damages.

As evidentiary support, California Golden Coast included an estimate for repairing the premises of $20,784.000.[8] Nevertheless, the jury awarded California Golden Coast only $3150 of the $25,000 it requested. Again, while we cannot determine exactly how the jury arrived at this amount, it does have an evidentiary basis in the record.

Because there is an evidentiary basis in the record to support the damages awarded, we overrule issue four.

### ATTORNEY'S FEES

In their fifth issue on appeal, the Thomases contend that:

---

[8]   This amount included carpet removal, interior/exterior cleanup, power washing the fascia, installation of 8 children's toilets and four sinks, and replacement of the carpet. It did not include the signs and hot water heater.

Appellee is not entitled to recover attorney's fees because there is no legally or factually sufficient evidence that Appellee properly presented a claim prior to the lawsuit that would have been consistent with Chapter 38 of the Texas Civil Practice and Remedies Code.

Specifically, the Thomases argue that when California Golden Coast's attorney sent them a demand letter on February 2, 2010, he did so on behalf of Nguyen Hoang Anh Corp., California Golden Coast's predecessor-in-title. Such notice, the Thomases contend, is insufficient presentment under section 38.002 of the Civil Practices and Remedies Code.

To recover attorney's fees under section 38.002 of the Civil Practices and Remedies Code, a claimant must: (1) be represented by an attorney; (2) present the claim to the opposing party or to a duly authorized agent of the opposing party; and (3) have not been tendered payment for the just amount owed before the expiration of the 30th day after the claim is presented. TEX. CIV. PRAC. & REM. CODE ANN. § 38.002 (West 2015). The purpose of the presentment requirement is to allow the person against whom the claim is asserted an opportunity to pay the claim within thirty days after notice without incurring an obligation for attorney's fees. *Jones v. Kelley*, 614 S.W.2d 95, 100 (Tex. 1981). Texas courts have found various forms of presentment to be sufficient to support an award of attorney's fees, such as oral and written demands for admissions and responses thereto. *See id.* In breach-of-contract cases, the presentment requirement can be met when a plaintiff presents the contract claim to the opposing party and that party fails to tender performance.

11

*Chandler v. Mastercraft Dental Corp. of Tex.*, *Inc.*, 739 S.W.2d 460, 470 (Tex. App.—Fort Worth 1987, writ denied) (citing *Jones*, 614 S.W.2d at 100).

In this case, California Golden Coast's attorney, Douglas McAninch, sent a letter to the Thomases on February 2, 2010, in which he indicated that he had "been retained to represent Nguyen Hoang Anh Corp. with respect to a claim for breach of contract for unpaid rentals and damages which it has against you", and referred to a lease of "the premises located at 11243 Veteran's Memorial Drive, Suite A." The Thomases contend that this presentation is insufficient because it was made on behalf of Nguyen Hoang Corp., not California Golden Coast. We disagree.

In *Adams v. Petrade International*, Petrade assigned half of its right to recover against Box and Adams to Gulf States. 754 S.W.3d 696, 721 (Tex. App.—Houston [1st Dist.] 1988, writ denied). Box contended that Gulf States did not properly present its claim. *Id.* at 719. This Court held that "Petrade's presentment of the gasoline claim also inured to its assignee's benefit . . . . Gulf States was not required to make a separate presentment of the claim to Adams and Box." *Id.* at 721.

The reasoning of *Adams* applies equally here. Having purchased the property and lease rights thereto, California Golden Coast possessed all of the rights previously held by Nguyen Hoang Anh Corp. Thus, the presentment by

Nguyen Hoang Anh Corp. inured to California Golden Coasts' benefit, and it was not required to make a separate presentment.

We overrule the Thomases' fifth issue on appeal.

## CONCLUSION

We affirm the trial court's judgment.


                                 Sherry Radack
                                 Chief Justice

Panel consists of Chief Justice Radack and Justices Brown and Lloyd.