**Opinion issued June 29, 2023**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-22-00472-CV

———————————

**GREEN ACQUISITIONS, INC., Appellant**

**V.**

**EVERLASTING GREEN, LLC, Appellee**

---

**On Appeal from the County Civil Court at Law No. 4**
**Harris County, Texas**
**Trial Court Case No. 1184058**

---

## MEMORANDUM OPINION

Appellee Everlasting Green, LLC filed a Petition for Forcible Detainer in Justice of the Peace Court seeking to evict Appellant Green Acquisitions, Inc. from certain commercial property in Pasadena, Texas. The Justice Court entered final judgment for Appellee, awarding it possession of the property, attorney's fees,

court costs, and post-judgment interest. Appellant appealed the final judgment to the County Court at Law. After a de novo bench trial, the County Court entered judgment for Appellee.

Appellant raises two issues on appeal. It argues (1) the Justice Court erred in denying its Plea in Abatement when Appellant advised the court "that [Appellee's] right to do business in Texas had been forfeited," and (2) the County Court erred in proceeding to trial because Appellee had no live pleadings and with "no live pleadings there was no evidence to support a void pleading."

We affirm.

## Background[1]

This dispute stems from the purported sale of a landscaping business from Appellee Everlasting Green, LLC ("Everlasting") to Appellant Green Acquisitions, Inc. ("Green Acquisitions"). The parties entered into two agreements for the sale of the business: (1) an asset purchase agreement under which Everlasting sold certain inventory to Green Acquisitions for use in operating the landscape business, and (2) a lease agreement ("Lease") under which Everlasting agreed to

---

[1] Some of the background facts are derived from a related case in this Court. *See Green Acquisitions, Inc. v. Everlasting Green, LLC*, No. 01-21-00257-CV, 2022 WL 2919936 (Tex. App.—Houston [1st Dist.] July 26, 2022, no pet.) (mem. op.). We take judicial notice of the facts in that decision. *See Hernandez v. Sommers*, 587 S.W.3d 461, 471 (Tex. App.—El Paso 2019, pet. denied) ("An appellate court can take judicial notice of its own records and judgments rendered in cases involving the same subject matter and the same or nearly the same parties.").

2

lease certain real property to Green Acquisitions on which to operate the business. *See Green Acquisitions, Inc. v. Everlasting Green, LLC*, No. 01-21-00257-CV, 2022 WL 2919936, at *1 (Tex. App.—Houston [1st Dist.] July 26, 2022, no pet.). Prior to the sale, Everlasting operated the landscaping business on two parcels of land—the "Vista Road" property and the "Lily Street" property, two tracts of land near each other in Pasadena, Texas. *Id.*

After the sale, Green Acquisitions began to use the Lily Street property to store inventory. *Id.* A dispute soon arose between the parties as to whether the Lily Street property was included in the Lease. *Id.* Everlasting contended the Lease was only for use of the Vista Road property, while Green Acquisitions argued the Lily Street property was also included in the Lease. According to Green Acquisitions, Everlasting took product from the leased premises without payment, and when Green Acquisitions confronted Everlasting about it, Everlasting "retaliated" by demanding that Green Acquisitions vacate the property, arguing that Green Acquisitions had no right to use the Lily Street property.

Everlasting filed an Original Petition for Forcible Detainer in Harris County Justice of the Peace Court on February 14, 2022 to evict Green Acquisitions from the Lily Street Property. A few days later, on February 18, 2022, Everlasting's right to transact business in Texas was forfeited "for failure to satisfy franchise tax requirements." Everlasting filed an Amended Petition for Forcible Detainer

3

("Amended Petition") on February 24, 2022. And on March 23, 2022, Everlasting revived its right to transact business in Texas.

Green Acquisitions filed a separate suit against Everlasting in Harris County District Court asserting claims for breach of contract and fraudulent inducement, or alternatively, for reformation of the Lease. Green Acquisitions also sought injunctive relief.[2] The trial court denied Green Acquisition's request for temporary injunction and Green Acquisitions appealed the trial court's order to this Court.

On March 15, 2022, Green Acquisitions filed a Plea in Abatement in the pending Forcible Detainer action, seeking to abate the proceedings in the Justice Court until "such time as the Court of Appeals can make [its] ruling on the injunctive relief" in the related district court action filed by Green Acquisitions. The Clerk's Record does not contain an order ruling on the Plea in Abatement. On July 26, 2022, this Court affirmed the trial court's interlocutory order denying Green Acquisitions' application for a temporary injunction in the district court action. *See* 2022 WL 2919936 at *5.

The Forcible Detainer action was tried in the Justice Court on March 30, 2022. The Justice Court entered judgment for Everlasting. Green Acquisitions filed a Notice of Appeal to the Harris County Court at Law No. 4. After a de novo

---

[2]  *See Green Acquisitions, Inc. d/b/a Everlasting Green v. Everlasting Green, LLC and Lorenzo Tamayo*, Cause No. 2021-26441, in the 113th Judicial District Court, Harris County, Texas.

bench trial on June 1, 2022, the County Court rendered judgment for Everlasting. The County Court signed a final judgment on June 14, 2022. There is no dispute that Everlasting had a right to transact business in Texas both during trial in the Justice Court and during trial in the County Court.

This appeal followed.

## Justice Court

In its first issue, Green Acquisitions complains about the Justice Court proceedings. It asserts that the Justice Court "erred when it denied [its] Plea in Abatement, when [it] advised that [Everlasting's] right to do business in Texas had been forfeited."

After the Justice Court entered judgment in favor of Everlasting, Green Acquisitions appealed the judgment to the County Court for a trial de novo. *See* TEX. R. CIV. P. 506.3 ("The case must be tried de novo in the county court."). "A trial de novo is a new trial in which the entire case is presented as if there had been no previous trial." *Id.* When Green Acquisitions perfected its appeal to the County Court, the Justice Court's judgment was "vacated and annulled, and the County Court heard the case de novo 'as if there had been no previous trial.'" *Gioffredi v. Retreat at Riverstone*, No. 01-21-00627-CV, 2022 WL 17981570, at *6 (Tex. App.—Houston [1st Dist.] Dec. 29, 2022, pet. filed) (mem. op.); *see also Praise Deliverance Church v. Jelinis, LLC*, 536 S.W.3d 849, 854 (Tex. App.—

Houston [1st Dist.] 2017, pet. denied) (stating perfection of appeal to county court at law from justice court for trial de novo vacates and annuls justice court's judgment); *Villalon v. Bank One*, 176 S.W.3d 66, 69–70 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) (same). "Any non-jurisdictional errors or irregularities in the Justice Court became a nullity, and any challenge based on such errors or irregularities is moot." *Gioffredi*, 2022 WL 17981570, at \*6; *Stevenson v. Housing Auth. of the City of Austin*, 385 S.W.3d 684, 687 (Tex. App.—El Paso 2012, no pet.) (holding appellant's complaint that justice court violated his due process rights was moot in light of trial de novo on appeal in county court at law).

Thus, Green Acquisitions' first issue, in which it complains about the proceedings before the Justice Court, is moot. This Court lacks jurisdiction to decide moot issues. *See Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012). We overrule Green Acquisitions' first issue.

## County Court

Everlasting filed its Amended Petition in the Justice Court when it had no right to transact business in Texas. After filing its Amended Petition and before trial in the Justice Court, Everlasting paid its franchise tax and its right to transact business in Texas was restored. Because Everlasting did not file a new or amended petition in the Justice Court after paying its franchise tax, Green Acquisitions argues in its second issue that there were no live pleadings before the County Court

6

and thus the County Court's final judgment in favor of Everlasting is void. According to Green Acquisitions, the County Court erred "in proceeding to trial without live proceedings . . . when the 1st Amended Petition was filed after [Everlasting's] right to do business was forfeited and no refiling having occurred. With no live pleadings there was no evidence to support a void pleading." In essence, Green Acquisitions challenges Everlasting's authority to file suit because at some point during the Justice Court proceedings, its right to transact business in Texas was forfeited. We construe Green Acquisitions' second issue as an issue of capacity.

## A. Green Acquisitions Waived its Capacity Challenge.

The issue of whether a corporation can sue after its corporate charter is forfeited is an issue of capacity. *See Transamerica Corp. v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733, 736 (Tex. App.—Houston [14th Dist.] 2019, no pet.) ("At the time it filed suit, Transamerica had forfeited its corporate charter due to nonpayment of taxes. Therefore, it lacked capacity to sue.") (citing TEX. TAX CODE § 171.252(1); *Ross Amigos Oil Co.*, 134 Tex. 626, 631, 138 S.W.2d 798, 800 (1940); *El T. Mexican Rests., Inc. v. Bacon*, 921 S.W.2d 247, 250 (Tex. App.—Houston [1st Dist.] 1995, writ denied)). "Capacity is a party's legal authority to go into court to prosecute or defend a suit." *El T. Mexican Rests.*, 921 S.W.2d at 249–250.

Unlike standing, which may be raised at any time, lack of capacity cannot be raised for the first time on appeal. *Transamerica*, 580 S.W.3d at 736 ("This lack of capacity . . . can be waived if it is not challenged in the trial court."); *Coastal Liquids Transp., L.P. v. Harris Cnty. Appraisal Dist.*, 46 S.W.3d 880, 884 (Tex. 2001) (noting capacity as appellate issue can be waived). Under Texas Rule of Civil Procedure 93, a pleading that challenges a plaintiff's legal capacity to sue must be verified unless the truth of such matters appears of record. TEX. R. CIV. P. 93(1). There is no indication in the clerk's record that Green Acquisitions filed a verified denial challenging Everlasting's capacity to sue. Indeed, there is nothing in the clerk's record that suggests Green Acquisitions raised the capacity issue at all. Green Acquisitions argues in its appellate brief that "it called the forfeiture to the attention of the Justice of the Peace Court" in its Plea in Abatement. This argument fails for several reasons.

First, Green Acquisitions' Plea in Abatement does not reference any capacity argument. It only requests that the Justice Court abate the proceedings pending Green Acquisitions' appeal of the district court's denial of its requested injunctive relief in the related district court litigation. Second, even if the Plea in Abatement challenged Green Acquisitions' capacity to sue, the Plea was not verified, as required by Rule 93. And last, the Plea in Abatement was filed in the Justice Court, not in the County Court proceedings, which are the only relevant

8

proceedings in this appeal. *Laguan v. U.S. Bank Tr.*, No. 14-14-00577-CV, 2016 WL 750172, at *1 (Tex. App.—Houston [14th Dist.] Feb. 25, 2016, no pet.) (mem. op.) ("Because the justice court's judgment has been vacated and annulled and [appellant] has received a trial de novo in the county court at law, [appellant's] complaint [about the justice court trial] is moot.").

The record from the trial in the County Court lacks any reference to Green Acquisition's capacity argument. *See Nine Greenway Ltd. v. Heard, Goggan, Blair & Williams*, 875 S.W.2d 784, 787 (Tex. App.—Houston [1st Dist.] 1994, writ denied) ("A party who fails to raise the issue of capacity through a verified plea waives that issue at trial and on appeal.") (citing *Pledger v. Schoellkopf*, 762 S.W.2d 145, 146 (Tex. 1988)); *Transamerica*, 580 S.W.3d at 737 ("A challenge to a party's capacity to bring suit must be raised by a verified pleading in the trial court to preserve the issue for review."). Because the appellate record reflects that Green Acquisitions never challenged the issue of Everlasting's capacity to sue in the County Court, Green Acquisitions waived its capacity argument.

**B.    Everlasting Green Had Capacity to Sue.**

Even if Green Acquisitions had preserved its capacity challenge, Green Acquisitions would not prevail. Green Acquisitions argues the County Court erred by conducting a trial on the eviction "when the 1st Amended Petition was filed after [Everlasting's] right to do business was forfeited and no refiling [] occurred."

The problem with Green Acquisitions' argument is that it ignores that Everlasting paid its franchise tax and "revived its right to transact business in Texas [on] March 23, 2022," before any trial on the merits.

When a corporation pays any delinquent taxes, the corporation regains its ability to sue and defend in Texas state courts. *G. Richard Goins Constr. Co., Inc. v. S.B. McLaughlin Assocs., Inc.*, 930 S.W.2d 124, 128 (Tex. App.—Tyler 1996, writ denied). "Once the right to sue or defend is revived, the corporation may sue or defend all causes of action, regardless of whether such causes arose before or during the period of forfeiture." *Id.* (citing *Federal Crude Oil Co. v. State,* 169 S.W.2d 283, 285 (Tex. Civ. App.—Austin 1943, writ ref'd)). Significant here, "[o]nce a corporation pays its [franchise] taxes, the reinstatement of its charter will relate back and revive whatever rights the corporation had at the time the suit was filed." *M & M Constr. Co., Inc. v. Great Am. Ins. Co.*, 747 S.W.2d 552, 555 (Tex. App.—Corpus Christi–Edinburg 1988, no writ) (citing *Bluebonnet Farms, Inc. v. Gibraltar Sav. Ass'n*, 618 S.W.2d 81, 85 (Tex. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.)).

Everlasting filed its original petition in Justice Court on February 14, 2022 and its right to transact business was forfeited four days later on February 18, 2022. Everlasting filed an amended petition in Justice Court on February 24, 2022, and its right to transact business was restored on March 23, 2022. When

Everlasting paid its franchise tax on March 23, 2022, its capacity to sue was restored and "revive[d] whatever rights [it] had at the time" it filed suit in on February 14, 2022. Green Acquisitions does not cite any authority to suggest that a new or amended pleading was necessary once Everlasting Green paid its franchise taxes. Green Acquisitions relies on *Transamerica Corp. v. Braes Woods Condo Ass'n, Inc.*, 580 S.W.3d 733 (Tex. App.—Houston [14th Dist.] 2019, no pet.), but in that case, unlike the case here, there was no indication that the right of the company to transact business was ever restored. *See Transamerica*, 580 S.W.3d at 736 (noting that appellant lacked capacity to sue because it "had forfeited its corporate charter due to nonpayment of taxes" at the time it filed suit, and there was "no evidence [appellant's] incapacity was ever corrected.").

Moreover, as it concerns this appeal, it is undisputed that at all times during the County Court proceedings, Everlasting had a right to transact business in Texas, and thus it had capacity to sue. *See generally* TEX. TAX CODE § 171.252(1).

We overrule Green Acquisitions' second issue.

### Conclusion

We affirm the County Court's judgment.

Veronica Rivas-Molloy
Justice

11

Panel consists of Justices Hightower, Rivas-Molloy, and Farris.